NUMBER 13-00-755-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________

SERGIO GUEVARA , Appellant,


v.



THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 138th District Court

of Cameron County, Texas.

__________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Dorsey



Sergio Guevara appeals a conviction for possession of a controlled substance under one gram- cocaine on the grounds that
the trial court erred in denying his motion to suppress because the arresting officer had no probable cause or other lawful
authority to conduct a routine traffic stop. We affirm. 

Background

At approximately 2:20 a.m. on Saturday, March 11, 2000, appellant was stopped by Texas Highway patrolman Omar A.
Villarreal on FM 3248 in Cameron County, Texas for failure to maintain a single lane of traffic. Villarreal testified that
appellant was driving erratically, having crossed over the solid white stripe on an improved shoulder of a two-way road
three times. During the stop, Villarreal noticed appellant emitted the odor of alcoholic beverage and had red, bloodshot
eyes. After conducting four sobriety tests, in which appellant performed poorly, Villarreal placed appellant under arrest for
driving while intoxicated. While frisking appellant, Villarreal discovered a bag containing a white powdery substance in
the right pocket of appellant's shorts. Appellant was indicted for possession of a controlled substance under one gram.
Appellant filed, and the trial court denied, a motion to suppress the evidence found after the traffic stop. Appellant entered
a guilty plea without an agreement as to punishment and was sentenced to one year imprisonment. 

Jurisdiction

In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R. App. P. 25.2(a). The defendant's notice
of appeal must be filed within 30 days after the day sentence is imposed, or after the day the trial court enters an appealable
order. Tex. R. App. P. 26.2(a)(1). Defendant has met this prerequisite.

This court has jurisdiction over this appeal even though appellant pled guilty. A valid plea of guilty waives or forfeits the
right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the
error. Young v. State, 8 S.W.3d 656 (Tex. Crim. App. 2000). Here, the conviction was based upon evidence seized after
the appellant was stopped. Had the cocaine and all other evidence been excluded, there would be no case. The judgment
of guilt was not rendered independent of the ruling on the motion to suppress. This court asserts jurisdiction over the
present case. 

Standard of Review



The amount of deference a reviewing court affords to a trial court's ruling on a "mixed question of law and fact" (such as
the issue of probable cause) is often determined by which judicial actor is in a better position to decide the issue. Guzman
v. State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). In reviewing a trial court's decision on a motion to suppress, the Court
gives almost total deference to the trial court's determination of historical facts and mixed questions of law and fact which
turn on an evaluation of credibility and demeanor. Ornelas v. United States, 517 U.S. 690, 134 L.Ed. 2d 911, 116 S.Ct.
1657 (1996). In reviewing a trial court's determination of reasonable suspicion and probable cause, under the totality of the
circumstances, the trial court is not in an appreciably better position than the reviewing court to make that determination.
See Guzman, 955 S.W.2d at 87. Although great weight should be given to the inferences drawn by trial judges and law
enforcement officers, determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal.
See Ornelas, 517 U.S. at 697-99.

Existence of Reasonable Suspicion



Appellant argues that Villarreal had no probable cause or other legal authority to stop and temporarily detain him violating
his rights under the Fourth and Fourteenth Amendments of the United States Constitution.

Article I, Section 9 of the Texas Constitution prohibits unreasonable searches and seizures. A routine traffic stop closely
resembles an investigative detention. Berkemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed. 2d 317 (1984). An
investigative detention is a seizure. Francis v. State, 922 S.W.2d 176, 178 (Tex. Crim. App. 1996). A police officer may
stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable
facts that criminal activity may be afoot, even if the officer lacks evidence rising to the level of probable cause. Terry v.
Ohio, 392 U.S. 1, 29, 20 L.Ed. 2d 889, 88 S.Ct. 1868 (1968); Woods v. State, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997).
The reasonableness of a temporary detention must be examined in terms of the totality of the circumstances and will be
justified when the detaining officer has specific articulable facts, which taken together with rational inferences from those
facts, lead him to conclude that the person detained is, has been or soon will be engaged in criminal activity. Woods, 956
S.W.2d at 38; Hernandez v. State, 983 S.W.2d 867, 869 (Tex. App.- Austin 1998, pet. ref'd).

An officer may lawfully stop a motorist who commits a traffic violation in the officer's presence. McVickers v. State, 874
S.W.2d 662, 664 (Tex. Crim. App. 1993). However, in determining whether a traffic violation has been committed, the
principles of Terry apply just as they do to other crimes. Drago v. State, 553 S.W.2d 375, 377-378 (Tex. Crim. App.
1977). When an officer stops a defendant without a warrant and without the defendant's consent, the State has the burden
at a suppression hearing of proving the reasonableness of the stop. Russell v. State, 717 S.W.2d 7, 9-10 (Tex. Crim. App.
1986); Hernandez, 983 S.W.2d at 869.

Offense of Failure to Maintain Single Lane of Traffic



Section 545.060(a) of the Texas Transportation Code provides:

(a) An operator on a roadway divided into two or more clearly marked lanes for traffic:



 (1) shall drive as nearly as practical entirely within a single lane; and

 (2) may not move from the lane unless that movement can be made safely.



Tex. Transp. Code Ann. § 545.060(a) (Vernon 1999). 

Appellant contends that the record contains no evidence that he committed a traffic offense because, in order to commit the
only possible relevant offense, his lane change had to have been made in an unsafe fashion. Hernandez v. State, 983
S.W.2d 867, 871 (Tex. App.-Austin 1998, pet. ref'd). In Hernandez, the police officer observed only a single instance in
which the driver crossed over the white line adjoining two lanes of traffic flowing in the same direction. Id. at 867. The
court held that the officer's observations did not support a detention for failure to maintain a single lane because the single
movement was not made unsafely. Id. at 871. 

Also, appellant contends that a multiple lane change was not unsafe and thus Villarreal had no reasonable basis for
believing appellant committed a traffic offense justifying his temporary detention. Aviles v. State, 23 S.W.3rd 74 (Tex.
App.- Houston [14th Dist.] 2000, pet. ref'd). In Aviles, the court held that defendant's multiple lane change was not unsafe
because defendant signaled and moved over two lanes just before passing a disabled automobile on the left shoulder. Id. at
79. 

Finally, appellant contends that Villarreal's investigative stop is not justified if he did not observe any other infractions.
State v. Tarvin, 972 S.W.2d 910 (Tex. App.- Waco 1998, pet. ref'd). In Tarvin, the court held that an investigative stop was
not justified because the officer did not testify that the defendant's weaving was erratic, unsafe, or tended to indicate
intoxication or other criminal activity. Id. at 912.

The facts of this case are not congruent with the situations presented in Hernandez, Aviles, and Tarvin. In the motion to
suppress hearing, Villarreal's testimony was that appellant did not move from his lane safely. See Tex. Transp. Code Ann. §
545.060(a)(2) (Vernon 1999). The facts show more than a single drift over the shoulder line. Villarreal testified that
appellant's vehicle was "deviating from the traffic lane onto the improved shoulder crossing the shoulder stripe, three
times," i.e., the vehicle was weaving repeatedly. 

Villarreal testified that no other cars were present on FM 3248. Therefore, appellant was not crossing the shoulder line to
avoid other automobiles or possible collisions. 

In addition, Villarreal testified that appellant was driving "erratically" and "not in a normal fashion". This movement, along
with the early morning hours as the time of occurrence, supplied reasonable suspicion for Villarreal to conclude that
appellant was driving while intoxicated or that some activity out of the ordinary was occurring, so as to justify the stop of
appellant's vehicle. 

Conclusion



In this case, Villarreal had articulable facts sufficient to support a reasonable suspicion to detain appellant. The trial court
correctly denied appellant's motion to suppress. Therefore, the judgment of the trial court is AFFIRMED.



 

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 21st day of June, 2001.