NUMBER
13-01-070-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

WILLIAM PHILLIPS,                                                              Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                   On
appeal from the County Court at Law No. 2 

                                  of Victoria County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                    Before
Justices Dorsey, Yañez, and Rodriguez

                                Opinion
by Justice Rodriguez

 








Appellant, William Phillips (Phillips), was charged with the
misdemeanor offense of driving while intoxicated (DWI).  The trial court denied his motion to suppress
evidence,[1]
and Phillips subsequently entered a plea of guilty to DWI, as part of a plea
agreement.  The trial court assessed
punishment at 180 days confinement in the Victoria County Jail, probated for
one year, and a $500.00 fine.  By two
points of error, Phillips contends the trial court erred in denying his motion
to suppress.  We reverse and remand.

I.  FACTS

At approximately 2:40 a.m., Trooper Leo Casas
noticed a black Ford pick-up truck ahead of him traveling in the same
direction.  The truck was traveling north
in the left lane.[2]  Trooper Casas followed the truck and observed it cross the yellow
center line approximately two times and then cross over into the right hand
lane approximately two times.  Believing
that a traffic violation occurred, Trooper Casas
turned on his emergency lights and pulled the truck over.

II. 
STANDARD OF REVIEW








The controlling issue in this case is whether Trooper Casas was justified in initially stopping Phillips.  In a suppression hearing, the trial judge is
the sole trier of fact and judge of the credibility
of the witnesses and the weight to be given to their testimony.  See State v. Ballard,
987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  We afford almost total deference to a trial court=s
findings of facts that the record supports, especially when the findings
are based on an evaluation of credibility and demeanor.  See Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997); Martinez v. State, 29
S.W.3d 609, 611 (Tex. App.BHouston [1st
Dist.] 2000, pet. ref=d).  We review de novo mixed questions of
law and fact not falling within this category. 
Guzman, 955 S.W.2d at 89; Martinez,
29 S.W.3d at 611.  Because the issue in
this case does not involve a disagreement about the facts or credibility of the
witness, but rather whether the officer had either probable cause or a
reasonable suspicion to stop Phillips, we review the trial court=s ruling de
novo.  See State
v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App.
2000); Guzman, 955 S.W.2d at 89.

III. 
ANALYSIS

In his first point of error, Phillips contends the trial court
erred in denying his motion to suppress because there was no evidence of a
violation of law that would justify Trooper Casas=s initial
stop.  To justify the stop, however, it
is not necessary to show that Phillips actually violated a traffic regulation,
only that Trooper Casas had a reasonable suspicion
that a violation was in progress.  See
Powell v. State, 5 S.W.3d 369, 376-77 (Tex. App.BTexarkana 1999,
pet. ref=d).

A.  Reasonable Suspicion








A police officer may stop and briefly detain a person for
investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even
if the officer lacks evidence rising to the level of probable cause. See
Terry v. Ohio, 392 U.S.1, 30 (1968); Davis v. State, 947 S.W.2d 240,
242-43 (Tex. Crim. App. 1997).  The reasonableness of a stop turns on the
totality of the circumstances present in each case.  Davis v. State, 794 S.W.2d 123, 125
(Tex. App.BAustin 1990,
pet. ref=d).  However, if an actual violation of law is
observed, there is probable cause for the traffic stop, and law enforcement
officials are free to enforce the laws and detain a person for that
violation.  See McVickers v. State, 874
S.W.2d 662, 664 (Tex. Crim. App. 1993).

When a police officer stops a defendant without a warrant and
without the defendant=s consent, the
State has the burden at a suppression hearing of proving the reasonableness of
the stop.  Russell v. State, 717
S.W.2d 7, 9-10 (Tex. Crim. App. 1986); Hernandez
v. State, 983 S.W.2d 867, 869 (Tex. App.BAustin 1998,
pet. ref=d).

B.  State=s Burden

Section 544.060 requires an operator on a roadway divided into
two or more clearly marked lanes for traffic to (1) drive as nearly as
practical entirely within a single lane, and (2) not move from the lane unless
that movement can by made safely.  Tex. Transp. Code Ann. '
545.060 (a) (Vernon 1999).

Trooper Casas testified that he
stopped Phillips because he failed to drive in a single lane.  During the suppression hearing, to bolster
Trooper Casas=s testimony
that he had reasonable suspicion to justify the stop, the State asked Trooper Casas to view the videotape and to point out where he
believed the offenses occurred.  The
following testimony occurred:








A:               
Just for the
record, the offense did occur also [sic] before the video was started, before
it started recording.

 

Q:               
Thank you for
clarifying.

[the video starts playing]

A:               
Right as he
got passed the light he hit the center line.

[videotape continues]

A:               
And right here
he clearly goes over into the right lane. 
I activated my lights and he pulled over off into the parking lot.

 

Q:               
Why did you
activate your lights, Trooper Casas?

A:               
The vehicle in
front of me had committed a traffic violation.








After reviewing
the videotape and Trooper Casas=s testimony, we find the State failed to
demonstrate articulable facts sufficient to support a
reasonable suspicion.  See Davis, 947 S.W.2d at 242-43. 
Trooper Casas did not testify, nor did the
video show, that Phillips was driving in an unsafe manner, or that he crossed
into another lane in an unsafe manner.[3]  See Bass v. State, 64 S.W.3d 646, 651
(Tex. App.BTexarkana 2001, no pet.); Aviles v. State,
23 S.W.3d 74, 79 (Tex. App.BHouston [14th Dist.] 2000, pet. ref=d); Hernandez, 983 S.W.2d at 871.  Furthermore, there is no evidence that the
weaving was erratic, unsafe, or tended to indicate any other criminal
activity.  See State v. Cerny, 28 S.W.3d 796, 800-01 (Tex. App.BCorpus Christi 2000, no pet.); State v. Arriaga, 5 S.W.3d 804, 807 (Tex. App.BSan Antonio 1999, pet. ref=d); State v. Tarvin,
972 S.W.2d 910, 912 (Tex. App.BWaco 1998, pet. ref=d).

Although
Phillips left his lane in four instances, there is nothing in the record to
indicate that he did so in an unsafe manner. 
See  Tex. Transp. Code Ann. ' 545.060(a).  Without more, the record is devoid of any
evidence to support a reasonable basis for believing that section 545.060(a) of
the transportation code was violated.  See
Aviles, 23 S.W.3d at 79.  Based on the totality of circumstances, we
find Trooper Casas did not have a reasonable
suspicion supported by articulable facts that
criminal activity may be afoot to justify stopping Phillips.  See Terry, 392 U.S. at 30; Davis, 947 S.W.2d at 242-43. 
Therefore, the State failed to meet its burden of proving the
reasonableness of the stop.  Russell,
717 S.W.2d at 9-10. 
Phillips=s first point of error is sustained.[4]

Accordingly, we reverse the
trial court=s
order denying Phillips=s motion to suppress and remand the case for
further proceedings consistent with this opinion.                                                                             

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P. 47.3.

 

Opinion delivered and
filed

this 16th day of May,
2002.








 











[1]Phillips
filed a motion to suppress evidence obtained after he was pulled over by
Trooper Casas. 





[2]The
road in question is a public highway which has two northbound lanes and two
southbound lanes separated by a center lane.





[3]We
note that the video showed Phillips pass a vehicle.  As he passed the vehicle, Phillips=s
left tires broached the yellow center turn lane.  Although this could be considered unsafe, we
conclude it appeared Phillips was making more room for the other vehicle as he
passed it.  If anything, this action
appeared more safe than if he had stayed in his lane,
closer to the vehicle, as he passed it.





[4]Because
of our disposition of Phillips=s
first point of error, we need not address the remaining point of error.  See Tex.
R. App. P. 47.1.