# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00097-CR

**Joe P. Arriaga, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
## NO. 2C02-00926, HONORABLE GERALD M. BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Joe P. Arriaga appeals from his conviction for misdemeanor driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04 (West 2003). After the trial court denied his motion to suppress, appellant pleaded *nolo contendere* in a plea agreement conditioned on his right to appeal the denial of the motion to suppress. The court sentenced appellant to serve thirty days in jail and to pay a $1000 fine. In one issue on appeal, appellant contends that the trial court erred in overruling his motion to suppress because the evidence in the case was obtained as the result of a "stop, arrest or detainment of appellant, without a warrant, and without probable cause to do so." We affirm the conviction.

On January 12, 2002, Sergeant Richard Murray and Officer William Teasley of the Belton Police Department were patrolling IH-35 in Belton. Somewhere between 7:00 p.m. and 7:20 p.m., the officers observed vehicles ahead of them beginning to "bottleneck"; vehicles were stacking up behind appellant's slower moving truck trying to change lanes and get around appellant's pickup.

Murray described the traffic on IH-35 as varying between moderate and heavy. Appellant was traveling more slowly than the bulk of the traffic; Murray considered the congestion being caused by appellant unsafe. Appellant then started speeding up and slowing down. Both officers observed appellant veer his vehicle to the right. Both right tires briefly crossed the solid white shoulder line, the vehicle straddled the line, then returned to the lane. They observed appellant weave within his lane, then cross the line into the adjacent lane. Although Teasley could not see the left tires of appellant's vehicle cross the dotted line between the two lanes, he concluded from his observation of the vehicle's relationship to other traffic that appellant had drifted across the lane line. Murray said that he considered it unsafe to be weaving because of the volume of traffic around appellant.

Appellant exited the highway. Murray testified that appellant's driving continued to be erratic; appellant almost stopped in the middle of the exit ramp. Teasley observed appellant almost strike a curb. The officers discussed appellant's behavior. Murray made the final decision to stop appellant. He testified that he decided to stop appellant because he determined that appellant committed a traffic offense in failing to maintain a single marked lane. Both officers were also of the opinion that appellant's driving behavior was indicative of an intoxicated or impaired driver.

Murray agreed that the videotape taken at the scene did not show the car crossing the shoulder stripe. He also testified that the cameras had been suffering from numerous operational problems, the camera appeared to stop several times, and he did not remember when he turned on the camera.

We review the trial court's ruling on a motion to suppress by an abuse of discretion standard. *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). While viewing the evidence

2

in the light most favorable to the trial court's ruling, *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999), and affording almost total deference to the trial court's determination of facts which the record supports, *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997), we "review de novo the court's application of the law of search and seizure to those facts," *Ross*, 32 S.W.3d at 856. If the judge's decision is correct on any theory of law applicable to the case, the decision will be sustained. *Id*. at 855-56.

Appellant was stopped without a warrant. Therefore, the State bore the burden at the suppression hearing of demonstrating the stop was reasonable based on the totality of the circumstances. *See Hulit v. State*, 982 S.W.2d 431, 436 (Tex. Crim. App. 1998); *Russell v. State*, 717 S.W.2d 7, 10 (Tex. Crim. App. 1986). A police officer may stop and briefly detain an individual for investigative purposes on less information than would be required to support a probable cause determination. *Terry v. Ohio*, 392 U.S. 1 (1968). To justify such a stop, the officer must have observed specific objective, articulable facts which, in light of the officer's experience and personal knowledge, together with inferences from those facts, would warrant a reasonable person to believe that a criminal violation had occurred. *See Davis v. State*, 947 S.W.2d 240, 242-43 (Tex. Crim. App. 1997); *Valencia v. State*, 820 S.W.2d 397, 400 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). This "reasonable suspicion" requires that "there is something out of the ordinary occurring and some indication that the unusual activity is related to crime." *Davis*, 947 S.W.2d at 244. It is not necessary that the conduct violate a particular statute in order to give rise to reasonable suspicion. *Gajewski v. State*, 944 S.W.2d 450, 452 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

3

The standard is an objective one: there need only be an objective basis for the stop; the subjective intent of the officer conducting the stop is irrelevant. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001); *Singleton v. State*, 91 S.W.3d 342, 347 (Tex. App.—Texarkana 2002, no pet.). An objectively valid stop may be upheld even if made for an improper reason. *See Walter v. State*, 28 S.W.3d 538, 543 (Tex. Crim. App. 2000); *Singleton*, 91 S.W.3d at 347. The court's review is not limited to the violations an officer lists in making the stop; the test is whether the articulated facts about which the officer testified would, in light of the officer's experience and personal knowledge, together with inferences from those facts, warrant a reasonable person to believe that a violation had occurred. *See Garcia*, 43 S.W.3d at 530; *Davis*, 947 S.W.2d at 242-43.

Appellant argues that there was no probable cause or reasonable suspicion to stop appellant's vehicle because there was no evidence that appellant failed to drive in a single marked traffic lane when it was unsafe to do so. *See* Tex. Transp. Code Ann. § 545.060(a) (West 1999) (offense of failing to maintain lane). Because appellant did not commit a traffic offense in the officer's presence, appellant argues that the officer had no reasonable grounds to stop him. However, an activity observed by an officer need not be a crime in itself to justify an investigative detention; it need only be sufficient to create a reasonable suspicion that some activity out of the ordinary was occurring or had occurred, that the defendant had a connection to this activity, and that the activity was related to a crime. See *Martinez v. State*, 29 S.W.3d 609, 611-12 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (reasonable to stop driver on freeway when driver swerved briefly onto shoulder of road and back in moderate to heavy traffic even though officer believed offense was failing to maintain a single marked lane rather than driving on shoulder); *Held*

*v. State*, 948 S.W.2d 45, 51 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd) (weaving across several lanes sufficient to give rise to reasonable suspicion that driver intoxicated; irrelevant whether weaving itself is or is not criminal event); *Raffaelli v. State*, 881 S.W.2d 714, 716 (Tex. App.—Texarkana 1994, pet. ref'd) (weaving within lane and speeding after exiting sufficient for reasonable suspicion to stop vehicle).

In this case the officers testified as to appellant's erratic speed and weaving and the hazardous effect it was having on other drivers. They testified to appellant crossing the shoulder line and then swerving into the adjacent lane, almost hitting a curb when he exited, and finally almost stopping in the middle of the exit lane. The officer's observations were enough to justify a reasonable suspicion that appellant should be stopped to determine the cause for the erratic driving. Further, the officers had a reasonable suspicion that appellant had committed the offense of failing to maintain a single lane based on the testimony that appellant both crossed the lane line and did so in an unsafe manner. *See* Tex. Transp. Code Ann. § 545.060(a) (West 1999). They also had a reasonable suspicion that appellant committed the traffic offense of driving on the shoulder. *See id*. § 545.058(a). Finally, the officer's observations were enough to create a reasonable suspicion that appellant might be driving while impaired by alcohol or drugs. Murray's stated reason for stopping appellant is not controlling if there was an objectively reasonable basis for the stop as shown by the evidence. *See Garcia*, 43 S.W.3d at 530; *Walter*, 28 S.W.3d at 543.

Appellant relies on *Cerny v. State*, 28 S.W.3d 796 (Tex. App.—Corpus Christi 2000, no pet.); *Hernandez v. State*, 983 S.W.2d 867 (Tex. App.—Austin 1998, pet. ref'd); and *Tarvin v. State*, 972 S.W.2d 910 (Tex. App.—Waco 1998, pet. ref'd). These cases are all distinguishable.

5

*Cerny* involved an observation of weaving within a lane, without any testimony about whether that movement was unsafe, and with no other observed behavior to cause justify a stop. *Cerny*, 28 S.W.3d at 800-01. In *Hernandez*, the officer testified only to a "slight drift" over the lane line and that he was concerned about the defendant's well being but testified to no other facts that would have presented a danger to other drivers or created reasonable suspicion that justified a stop. *Hernandez*, 983 S.W.2d at 868-69. In *Tarvin*, the driver weaved within his lane but the record was silent about any other circumstances of the stop. *Tarvin*, 972 S.W.2d at 912.

In contrast, the officers in this case were not relying solely on in-lane weaving. There were sufficient articulable observed facts, which in the light of the officers' experience, would warrant a reasonable person in believing that an offense had occurred. *See Davis*, 947 S.W.2d at 242-43. Accordingly, we overrule appellant's only issue. We hold that the trial court did not abuse its discretion in overruling the motion to suppress and affirm the trial court's judgment.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: August 29, 2003

Do Not Publish