COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
MARTHA RODRIGUEZ,                                   )                  No. 08-04-00083-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                 County Criminal Court No. 1
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20030C12520)
        
O P I N I O N

            Martha Rodriguez appeals her conviction for driving while intoxicated. Appellant pled guilty
and was sentenced to one year probation and a probated fine of $250. The trial court certified her
right to appeal the denial of her motion to suppress. We affirm.
FACTUAL SUMMARY
            On June 28, 2003, Deputy Sheriff Jose Luis Hernandez was working the 11 p.m. to 7 a.m.
shift. Hernandez was traveling westbound on Montana towards Joe Battle around 4 a.m. As he
approached the intersection, he pulled in behind a gray vehicle at the stop light. Proceeding through
the intersection, he saw that the driver of the gray vehicle almost hit an orange traffic barrel that was
set up for a construction zone. Hernandez continued to follow the vehicle, which turned southbound
onto Joe Battle. The vehicle twice weaved into both lanes of traffic. One time it traveled in the
right-hand lane and crossed over into the left-hand lane, straddling the white broken lines. The
vehicle then moved back over into the right-hand lane and repeated the same action again. The
driver did not signal a lane change. There were no other vehicles on the roadway at that time. 
Hernandez admitted that the movement of the vehicle was not unsafe or dangerous for other vehicles
on the road.
            At that point, Hernandez initiated a traffic stop for failure to drive in a single lane. He
suspected that the driver was intoxicated since she was unable to stay within one lane and almost
struck the barrel. Upon approaching the vehicle, Hernandez noticed that Appellant had red, watery,
bloodshot eyes and spoke with a slur. He also detected the smell of alcohol. After administering
sobriety tests, Hernandez placed Appellant under arrest for driving while intoxicated. 
MOTION TO SUPPRESS
            In her sole point of error, Appellant challenges the denial of her motion to suppress the traffic
stop. She complains that Hernandez did not have specific articulable facts giving rise to a reasonable
suspicion that she had committed a traffic offense. 
Standard of Review
            A trial court’s denial of a motion to suppress is reviewed for an abuse of discretion. Oles v.
State, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). An abuse of discretion occurs when the trial
court’s decision was so clearly wrong as to lie outside the zone of reasonable disagreement. Cantu
v. State, 842 S.W.2d 667, 682 (Tex.Crim.App. 1992); Montgomery v. State, 810 S.W.2d 372, 391
(Tex.Crim.App. 1990)(op. on reh’g). The court’s findings of fact are given almost total deference,
and in the absence of explicit findings, we assume the trial court made whatever appropriate implicit
findings are supported by the record. Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex.Crim.App.
2000); Guzman v. State, 955 S.W.2d 85, 89-90 (Tex.Crim.App. 1997). However, the application
of the relevant law to the facts, including Fourth Amendment search and seizure law, is reviewed
de novo. Carmouche, 10 S.W.3d at 327. When the facts are undisputed and we are presented with
a pure question of law, de novo review is proper. Oles, 993 S.W.2d at 106. Thus, for example, when
the issue to be determined on appeal is whether an officer had probable cause, the trial judge is not
in an appreciably better position than the reviewing court to make that determination. Guzman, 955
S.W.2d at 87. Although due weight should be given to the inferences drawn by trial judges and law
enforcement officers, determinations of matters such as reasonable suspicion and probable cause
should be reviewed de novo on appeal. Id., citing Ornelas v. United States, 517 U.S. 690, 699, 116
S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996).
Lawfulness of the Traffic Stop
            A police officer may stop and briefly detain a person for investigative purposes if the officer,
in light of his experience, has a reasonable suspicion supported by articulable facts that criminal
activity may be afoot. Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The
reasonableness of a temporary detention must be examined in terms of the totality of the
circumstances. Woods v. State, 956 S.W.2d 33, 38 (Tex.Crim.App. 1997). A temporary detention
is justified when the detaining officer has specific articulable facts which, taken together with
rational inferences from those facts, lead him to conclude that the person detained is, has been, or
soon will be engaged in criminal activity. Id. A reasonable suspicion means more than a mere
hunch. Davis v. State, 947 S.W.2d 240, 244 (Tex.Crim.App. 1997). A detention is not permissible
unless the circumstances objectively support a reasonable suspicion of criminal activity. Id. A law
enforcement officer may arrest an offender without a warrant for any offense committed in his
presence or within his view. Tex.Code Crim.Proc.Ann. art. 14.01(b)(Vernon 2005).
            An officer may lawfully stop a motorist who commits a traffic violation. McVickers v. State,
874 S.W.2d 662, 664 (Tex.Crim.App. 1993), overruled on other grounds, Granados v. State, 85
S.W.3d 217 (Tex.Crim.App. 2002). In determining whether a traffic violation has been committed,
the principles of Terry apply just as they do to other crimes. Drago v. State, 553 S.W.2d 375,
377-78 (Tex.Crim.App. 1977); Powell v. State, 5 S.W.3d 369 (Tex.App.--Texarkana 1999, pet.
ref’d), cert. denied, 529 U.S. 1116, 120 S.Ct. 1976, 146 L.Ed.2d 805 (2000). 
            Deputy Sheriff Hernandez testified that Appellant was unable to maintain a single lane, 
failed to use her turn signal to warn of a lane change, and nearly collided with an orange construction
barrel. Section 545.060(a) of the Transportation Code provides: 
(a) An operator on a roadway divided into two or more clearly marked lanes for
traffic: 
 
(1) shall drive as nearly as practical entirely within a single lane; and 
 
(2) may not move from the lane unless that movement can be made safely. 

Tex.Transp.Code Ann. § 545.060 (Vernon 1999). Section 545.104 provides as follows: 
(a) An operator shall use the signal authorized by Section 545.106 to indicate an
intention to turn, change lanes, or start from a parked position. 
 
(b) An operator intending to turn a vehicle right or left shall signal continuously for
not less than the last 100 feet of movement of the vehicle before the turn. 
 
(c) An operator may not light the signals on only one side of the vehicle on a parked
or disabled vehicle or use the signals as a courtesy or ‘do pass’ signal to the operator
of another vehicle approaching from the rear. 

Tex.Transp.Code Ann. § 545.104.
            Appellate courts have grappled with exactly when “lane weaving” justifies a stop. In
Hernandez v. State, 983 S.W.2d 867, 868-69 (Tex.App.--Austin 1998, pet. ref’d), a police officer
stopped the defendant after observing him swerve eighteen to twenty-four inches from the right lane
into the adjacent left lane of traffic. The swerve in question was characterized as a slow drift over
and back. Id. The court concluded that a single instance of crossing a lane dividing line by eighteen
to twenty-four inches into a lane of traffic traveling the same direction when the movement was not
shown to be unsafe or dangerous did not give an officer a reasonable basis for suspecting that the
defendant had committed a criminal traffic offense. Id. at 871. A violation occurs only when a
vehicle failed to stay within its lane and the movement was not safe or was not made safely. Id.
            Similarly, in State v. Tarvin, 972 S.W.2d 910, 910-11 (Tex.App.--Waco 1998, pet. ref’d),
a police officer stopped the defendant after observing his car drift two or three times to the right side
of a two-lane road, causing his tires to go over the solid white line at the right-hand side of the road.
Recognizing that mere weaving in one’s own lane of traffic can justify an investigatory stop when
that weaving is erratic, unsafe, or tends to indicate intoxication or other criminal activity, there was
nothing in the record to show that the officer there believed that to be the case. Id. at 912.
            And in State v. Cerney, 28 S.W.3d 796, 798 (Tex.App.--Corpus Christi 2000, no pet.), a state
trooper noticed the defendant’s car when it just barely swerved across the center line into the
trooper’s lane of traffic. The trooper was completing a citation at the time. Id. at 799-99. He then
made a U-turn, began to follow the defendant, and turned on the video camera in his car. Id. at 799.
He observed the car swerve over the solid white line separating the traffic lane from the right
shoulder of the road three or four times. Id. While the testimony established that Cerney was
weaving somewhat within his own lane of traffic, there was no evidence that his actions were unsafe.
Id. at 801. Consequently, the court concluded the evidence did not support a finding that the trooper
had a reasonable belief that the defendant had violated Section 545.060 of the Transportation Code
and that the trooper failed to articulate any other justification for stopping him. Id. 
            Appellant relies on Ehrhart v. State, 9 S.W.3d 929, 931 (Tex.App.--Beaumont 2000, no pet.)
and Eichler v. State, 117 S.W.3d 897 (Tex.App.--Houston [14th Dist.] 2003, no pet.) as authority
that the officer must have testified that her lane change was unsafe. In Ehrhart, a police officer
stopped the defendant for failure to maintain a single marked lane. 9 S.W.3d at 930. The
defendant’s car touched the solid white line on the right-hand side and crossed the white line on the
left-hand side. Id. The officer testified he observed the defendant’s vehicle touch the solid white
line twice, but only on the right-hand side. Id. The court found that no officer testified that the
defendant’s “weaving” was unsafe or dangerous. Id. The court concluded that since the record did
not contain evidence that the movement was unsafe or dangerous, an actual traffic violation did not
occur. Id. 
            In Eichler, the defendant was also pulled over for failure to maintain a single marked lane
of traffic. 117 S.W.3d at 899. The defendant crossed over the left line of his lane. Id. The officer
testified that failure to maintain a lane could indicate the driver was intoxicated, eating, changing a
radio station, or talking on a cell phone. Id. The officer pulled over defendant to see whether he had
any of those problems. Id. When asked how the movement was unsafe, the officer responded that
he did not know. Id. The court concluded that the State failed to offer any evidence that the
defendant’s lane change was unsafe and concluded that the officer could not have had a reasonable
basis for suspecting that the defendant had committed a traffic offense. Id. at 901. 
            The facts here are distinguishable. Hernandez testified that Appellant was unable to maintain
a single lane, failed to use her turn signal to warn of a lane change, and almost hit an orange
construction barrel. Hernandez testified only that Appellant’s weaving was not dangerous to other
motorists. All of this occurred within the brief time that the officer was following her. Appellant’s
erratic driving, the near accident, and the officer’s suspicion that she was intoxicated constituted
specific articulable facts which, taken together with rational inferences from those facts, led the
officer to conclude that Appellant, had been, or soon would have been engaged in criminal activity
and thus justified the investigatory detention. See Woods, 956 S.W.2d at 38; Tarvin, 972 S.W.2d
at 912. We overrule the sole point and affirm the judgment of the trial court.
 
June 2, 2005                                                                
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)