NO. 07-06-0188-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 5, 2006



______________________________




KENNETH R. MCCLISH, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;



NO. 113400-1; HONORABLE W.F. "CORKY" ROBERTS, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 Following a plea of guilty, appellant Kenneth R. McClish was convicted of driving
while intoxicated and sentenced to ninety days confinement, suspended, and an $800 fine. 
Presenting a sole point of error, appellant maintains the evidence was insufficient to
support the trial court's denial of his motion to suppress. We affirm.

 While on patrol one night on Interstate 40, Trooper Jason Lindley and his partner
observed one-third to one-half of appellant's van cross the white fog line onto the improved
shoulder while appellant was traveling on the highway. After their initial observation, they
activated the patrol car video camera. According to the evidence, appellant's van again
touched the fog line several times, but did not cross it. The troopers followed appellant for
approximately a half mile, became concerned he might be impaired or fatigued, and
initiated a traffic stop. After appellant was pulled over and failed sobriety tests, he was
arrested for driving while intoxicated. Following the denial of his motion to suppress, he
pled guilty and was convicted of the offense.

 We review a trial court's ruling on a motion to suppress for abuse of discretion. State
v. Dixon, 2006 WL 335993, at *3 (Tex.Cr.App. Feb. 25, 2006). See also Balentine v. State,
71 S.W.3d 763, 768 (Tex.Cr.App. 2002). Under this standard, we afford almost total
deference to the trial court's determination of historical facts when supported by the record.
Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr. App. 1997). However, mixed questions of
law and fact, such as questions involving reasonable suspicion and probable cause, are
reviewed de novo. Id. Where, as here, the trial court fails to make written findings of fact,
we view the evidence in the light most favorable to the trial court's ruling and assume the
trial court made implicit findings of fact that support its ruling as long as those findings are
supported by the record. Carmouche v. State, 10 S.W.3d 323, 328 (Tex.Cr.App. 2000).

 It is well settled that a traffic violation committed in an officer's presence authorizes
an initial stop. Armitage v. State, 637 S.W.2d 936, 939 (Tex.Cr.App. 1982). See also 
Garcia v. State, 827 S.W.2d 937, 944 (Tex.Cr.App. 1992). It is a traffic violation to drive
on an improved shoulder of a roadway except for certain purposes listed in section
545.058(a) of the Texas Transportation Code. (1) 

 At the suppression hearing, Lindley testified that the first time a portion of
appellant's van crossed the white fog line onto the shoulder constituted a violation of
section 545.058. He further testified that none of the statutory exceptions for doing so
applied. He conceded, however, that appellant did not commit any other traffic violations. 

 By his sole contention, appellant challenges the propriety of the traffic stop. Relying
on Hernandez v. State, 983 S.W.2d 867 (Tex.App.-Austin 1998, pet. ref'd), he argues the
brevity of time his van partially crossed the fog line did not indicate he drove on the
shoulder in violation of section 545.058. Hernandez involved a violation of section 545.060
of the Code, entitled "Driving on Roadway Laned for Traffic." It does not apply to crossing
a fog line onto the shoulder, and we decline to utilize its rationale to the underlying facts. 

 Appellant also relies on State v. Tarvin, 972 S.W.2d 910 (Tex.App.-Waco 1998, pet.
ref'd), in support of his argument that briefly crossing the white fog line without evidence
of more did not justify the stop. As in the underlying case, the officer in Tarvin testified that
no other traffic violations occurred. Id. at 912. However, the officer also testified there was
"nothing else unusual" about Tarvin's driving. Trooper Lindley, on the other hand, testified
that appellant's driving caused him concern on whether appellant was impaired or fatigued. 
He further testified that appellant's driving "raised the question that the subject might be
under the influence of alcohol." Thus, Tarvin is distinguishable because the officer did not
testify to any indications of intoxication or other criminal activity. Id. 

 We determine, after viewing the evidence in the light most favorable to the trial
court's ruling, that it was sufficient to allow Trooper Lindley to reasonably conclude
appellant violated section 545.058(a) of the Code and therefore had probable cause to
initiate the traffic stop. Appellant's sole point of error is overruled.

 Accordingly, the trial court's order denying appellant's motion to suppress is
affirmed.

 Don H. Reavis

 Justice



Do not publish.
1. Section 545.058(a) provides:

 

 (a) An operator may drive on an improved shoulder to the right of the main
traveled portion of a roadway if that operation is necessary and may be done
safely, but only:


 (1) to stop, stand, or park;

 (2) to accelerate before entering the main traveled lane of
traffic;

 (3) to decelerate before making a right turn;

 (4) to pass another vehicle that is slowing or stopped on the
main traveled portion of the highway, disabled, or preparing to
make a left turn;

 (5) to allow another vehicle traveling faster to pass;

 (6) as permitted or required by an official traffic-control device; or

 (7) to avoid a collision.



 



eWhenUsed="false" Name="Revision"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-0148-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

APRIL 28, 2011

______________________________

 

 

THOMAS WYATT, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM THE 427TH DISTRICT COURT OF TRAVIS
COUNTY;

 

NO. D-1-DC-08-205299; HONORABLE JIM CORONADO, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Pending before this
Court is Appellant's Motion to Dismiss Appeal in
which he represents that after consultation with his attorney, he no longer
wishes to pursue this appeal.  As
required by Rule 42.2(a) of the Texas Rules of Appellate Procedure, the motion
is signed by Appellant and his attorney. 
No decision of this Court having been delivered, the motion is granted
and the appeal is dismissed.  No motion
for rehearing will be entertained and our mandate will issue forthwith.

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

Do not publish.