NO. 07-06-0188-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 5, 2006

_____

KENNETH R. MCCLISH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 113400-1; HONORABLE W.F. "CORKY" ROBERTS, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following a plea of guilty, appellant Kenneth R. McClish was convicted of driving while intoxicated and sentenced to ninety days confinement, suspended, and an $800 fine. Presenting a sole point of error, appellant maintains the evidence was insufficient to support the trial court's denial of his motion to suppress. We affirm.

While on patrol one night on Interstate 40, Trooper Jason Lindley and his partner observed one-third to one-half of appellant's van cross the white fog line onto the improved shoulder while appellant was traveling on the highway. After their initial observation, they activated the patrol car video camera. According to the evidence, appellant's van again touched the fog line several times, but did not cross it. The troopers followed appellant for approximately a half mile, became concerned he might be impaired or fatigued, and initiated a traffic stop. After appellant was pulled over and failed sobriety tests, he was arrested for driving while intoxicated. Following the denial of his motion to suppress, he pled guilty and was convicted of the offense.

We review a trial court's ruling on a motion to suppress for abuse of discretion. State v. Dixon, 2006 WL 335993, at *3 (Tex.Cr.App. Feb. 25, 2006). *See also* Balentine v. State, 71 S.W.3d 763, 768 (Tex.Cr.App. 2002). Under this standard, we afford almost total deference to the trial court's determination of historical facts when supported by the record. Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr. App. 1997). However, mixed questions of law and fact, such as questions involving reasonable suspicion and probable cause, are reviewed de novo. *Id.* Where, as here, the trial court fails to make written findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. Carmouche v. State, 10 S.W.3d 323, 328 (Tex.Cr.App. 2000).

It is well settled that a traffic violation committed in an officer's presence authorizes an initial stop. Armitage v. State, 637 S.W.2d 936, 939 (Tex.Cr.App. 1982). *See also* Garcia v. State, 827 S.W.2d 937, 944 (Tex.Cr.App. 1992). It is a traffic violation to drive on an improved shoulder of a roadway except for certain purposes listed in section 545.058(a) of the Texas Transportation Code.[1]

At the suppression hearing, Lindley testified that the first time a portion of appellant's van crossed the white fog line onto the shoulder constituted a violation of section 545.058. He further testified that none of the statutory exceptions for doing so applied. He conceded, however, that appellant did not commit any other traffic violations.

---

[1]Section 545.058(a) provides:

(a) An operator may drive on an improved shoulder to the right of the main traveled portion of a roadway if that operation is necessary and may be done safely, but only:

(1) to stop, stand, or park;
(2) to accelerate before entering the main traveled lane of traffic;
(3) to decelerate before making a right turn;
(4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn;
(5) to allow another vehicle traveling faster to pass;
(6) as permitted or required by an official traffic-control device; or
(7) to avoid a collision.

By his sole contention, appellant challenges the propriety of the traffic stop. Relying on Hernandez v. State, 983 S.W.2d 867 (Tex.App.–Austin 1998, pet. ref'd), he argues the brevity of time his van partially crossed the fog line did not indicate he drove on the shoulder in violation of section 545.058. *Hernandez* involved a violation of section 545.060 of the Code, entitled "Driving on Roadway Laned for Traffic." It does not apply to crossing a fog line onto the shoulder, and we decline to utilize its rationale to the underlying facts.

Appellant also relies on State v. Tarvin, 972 S.W.2d 910 (Tex.App.–Waco 1998, pet. ref'd), in support of his argument that briefly crossing the white fog line without evidence of more did not justify the stop. As in the underlying case, the officer in *Tarvin* testified that no other traffic violations occurred. *Id.* at 912. However, the officer also testified there was "nothing else unusual" about Tarvin's driving. Trooper Lindley, on the other hand, testified that appellant's driving caused him concern on whether appellant was impaired or fatigued. He further testified that appellant's driving "raised the question that the subject might be under the influence of alcohol." Thus, *Tarvin* is distinguishable because the officer did not testify to any indications of intoxication or other criminal activity. *Id.*

We determine, after viewing the evidence in the light most favorable to the trial court's ruling, that it was sufficient to allow Trooper Lindley to reasonably conclude appellant violated section 545.058(a) of the Code and therefore had probable cause to initiate the traffic stop. Appellant's sole point of error is overruled.

Accordingly, the trial court's order denying appellant's motion to suppress is affirmed.

Don H. Reavis
Justice

Do not publish.