COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-412-CR

 

 

MICHAEL JOHN KLEPPER                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

     FROM THE COUNTY
CRIMINAL COURT NO. 8 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. Introduction

In one point, Appellant Michael John Klepper
appeals his misdemeanor conviction for driving while intoxicated (DWI).  Klepper argues that the trial court erred by denying
his motion to suppress.  We affirm.








II. Factual and Procedural History

The only evidence that the trial court considered
at Klepper=s suppression hearing was North
Richland Hills Police Officer D. Cullins=s
offense report, submitted into evidence by Klepper.[2]  The report contained the following facts:

$                  
On August 24, 2007, at about 12:40 a.m., Officer Cullins observed
Klepper=s red 2005 Hummer H2
stopped at a red light in the middle of the intersection at Boulevard 26 and
Harwood Road in Tarrant County, Texas;

 

$                  
AThe vehicle had
completely stopped past the limit line in the intersection[,] partially in the
left turn lane and partially in the inside lane@;

 

$                  
Officer Cullins turned his patrol unit around and pulled up behind
Klepper=s vehicle;

 

$                  
Klepper started backing up towards the patrol car and then turned left
when the intersection light turned green; and

 

$                  
After Officer Cullins initiated a traffic stop, he stated in his
report, ASubject admitted to being
parked in the middle of the roadway and said he was waiting for [Officer
Cullins=s] patrol car to pass
b[y] him so he could move out of the intersection.@

 








Officer Cullins=s report
also stated that, upon approaching Klepper=s
vehicle, Officer Cullins smelled a strong odor of alcohol and observed that
Klepper had bloodshot, watery eyes and slurred speech.  Klepper informed Officer Cullins that he was
driving home from Bellbottoms, a local bar, where he had consumed three ASchooners.@  After Klepper failed a field sobriety test,
Officer Cullins placed Klepper under arrest for DWI.  Klepper refused requests for breath or blood
specimens.

III. Motion to Suppress

In Klepper=s sole
point, he contends that the trial court erred by overruling his motion to
suppress because there was insufficient evidence to support that Officer
Cullins reasonably believed that a traffic violation had occurred.

A. Standard of Review








We review a trial court=s ruling
on a motion to suppress evidence under a bifurcated standard of review.  Amador v. State, 221 S.W.3d 666, 673
(Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  In reviewing the trial court=s
decision, we do not engage in our own factual review.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.CFort
Worth 2003, no pet.).  The trial judge is
the sole trier of fact and judge of the credibility of the witnesses and the
weight to be given their testimony.  Wiede
v. State, 214 S.W.3d 17, 24B25 (Tex.
Crim. App. 2007); State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000), modified on other grounds by State v. Cullen, 195 S.W.3d 696
(Tex. Crim. App. 2006).  Therefore, we
give almost total deference to the trial court=s
rulings on (1) questions of historical fact, even if the trial court=s
determination of those facts was not based on an evaluation of credibility and
demeanor, and (2) application‑of‑law‑to‑fact questions
that turn on an evaluation of credibility and demeanor.  Amador, 221 S.W.3d at 673; Montanez
v. State, 195 S.W.3d 101, 108B09 (Tex.
Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652B53 (Tex.
Crim. App. 2002).  But when
application-of-law-to-fact questions do not turn on the credibility and
demeanor of the witnesses, we review the trial court=s rulings
on those questions de novo.  Amador,
221 S.W.3d at 673; Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim.
App. 2005); Johnson, 68 S.W.3d at 652B53.








Stated another way, when reviewing the trial
court=s ruling
on a motion to suppress, we must view the evidence in the light most favorable
to the trial court=s ruling.  Wiede, 214 S.W.3d at 24; State v.
Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When, as here, the record is silent on the
reasons for the trial court=s
ruling, or when there are no explicit fact findings and neither party timely
requested findings and conclusions from the trial court, we imply the necessary
fact findings that would support the trial court=s ruling
if the evidence, viewed in the light most favorable to the trial court=s
ruling, supports those findings.  State
v. Garcia-Cantu, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); see
Wiede, 214 S.W.3d at 25.  We then
review the trial court=s legal ruling de novo unless
the implied fact findings supported by the record are also dispositive of the
legal ruling.  Kelly, 204 S.W.3d
at 819.

We must uphold the trial court=s ruling
if it is supported by the record and correct under any theory of law applicable
to the case even if the trial court gave the wrong reason for its ruling.  State v. Stevens, 235 S.W.3d 736, 740
(Tex. Crim. App. 2007); Armendariz v. State, 123 S.W.3d 401, 404 (Tex.
Crim. App. 2003), cert. denied, 541 U.S. 974 (2004).

B.  Applicable Law

A police officer has the authority to stop and
temporarily detain a driver who has violated a traffic law.  Armitage v. State, 637 S.W.2d 936, 939
(Tex. Crim. App. 1982); Lemmons v. State, 133 S.W.3d 751, 756 (Tex. App.CFort
Worth 2004, pet. ref=d).  An automobile stop is justified when an
officer has reasonable suspicion to believe that a traffic violation has
occurred.  Goudeau v. State, 209
S.W.3d 713, 716 (Tex. App.CHouston
[14th Dist.] 2006, no pet.).  Reasonable
suspicion exists if the officer has specific, articulable facts which, combined
with rational inferences from those facts, would lead him to reasonably
conclude that a particular person actually is, has been, or soon will be
engaged in criminal activity.  Castro
v. State, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007).








The rules of the road contained in the Texas
Transportation Code require the operator of a vehicle facing only a steady red
signal to stop at a clearly marked stop line. 
Tex. Transp. Code Ann. '
544.007(d) (Vernon 2008).  Additionally,
an operator of a vehicle may not stop, stand, or park in an intersection.  Id. '
545.302(a)(3) (Vernon 2008).

C.  Analysis

In Klepper=s sole
point, he contends that the trial court erred by overruling his motion to
suppress.  Specifically, Klepper argues
that although Officer Cullins=s report
stated that Officer Cullins had observed Klepper=s
vehicle stopped past the marked stop line and Apartially
in the left turn lane and partially in the middle lane,@ the
report failed to state whether Officer Cullins reasonably believed that these
actions were violations of the traffic code and further that these actions
were, in fact, violations of the traffic code. 
To support his argument, Klepper directs our attention to State v.
Tarvin, 972 S.W.2d 910 (Tex. App.CWaco
1998, pet. ref=d), and Ford v. State,
158 S.W.3d 488 (Tex. Crim. App. 2005).








In Tarvin, the trial court found, and the
appellate court agreed, that touching the right-hand white line did not
constitute weaving out of one=s
lane.  Tarvin, 972 S.W.2d at 911B12.  Such driving by TarvinCwhich
showed only weaving within his own laneCdid not
provide reasonable suspicion of a traffic violation.  Id. at 912.  The evidence did not support a finding that
the officer had a reasonable belief that Tarvin had violated the Texas Transportation
Code.  Id.  Therefore, because there was no reasonable
suspicion for a detention and no evidence of a traffic violation, the court of
appeals affirmed the trial court=s
suppression ruling.  Id.

In Ford, the officer stopped the vehicle
for following another vehicle too closely. 
Ford, 158 S.W.3d at 490. 
The statute in FordCsection
545.062(a) of the Texas Transportation CodeClists
factors to consider in determining a violation, including the speed of the
vehicles, traffic, the conditions of the highway, and whether the driver could
safely stop.  Id.  The officer=s
statement that he saw Ford Afollowing
too close@ was held to be conclusory
because there was no testimony of objective facts or circumstances that would
allow the appellate court to determine whether the officer=s
conclusion was objectively reasonable.  Id.
at 493B94.








Tarvin and Ford, however, are
both distinguishable from the present case. 
Here, the determination of a violation of sections 544.007(d) and
545.302(a)(3) is not based on an officer=s
subjective opinion.  On the contrary,
Officer Cullins=s statements that Klepper had
stopped completely past the limit line at a red light and that Klepper=s
vehicle was parked in the middle of the intersection, and Klepper=s own
admission, documented in the report, that he had been parked in the middle of
the roadway, were objective observations upon which the trial court could have
concluded Officer Cullins developed the reasonable suspicion that Klepper had
committed one or more traffic violations.

Furthermore, Klepper=s
contentionCthat there was no reasonable
suspicion because Officer Cullins failed to state in his report that he
reasonably believed that Klepper=s
actions were violations of the law and failed to state the exact provision
Klepper had violatedCis irrelevant, because we
disregard any subjective intent of the officer making the stop and look solely
to whether an objective basis for the stop exists.  Garcia v. State, 43 S.W.3d 527, 530
(Tex. Crim. App. 2001).  The
determination of the presence of reasonable suspicion is a factual one and is
made and reviewed by considering the totality of the circumstances at the time
of the stop.  See id.; Icke v.
State, 36 S.W.3d 913, 915 (Tex. App.CHouston
[1st Dist.] 2001, pet. ref=d).  Therefore, viewing the evidence in the light
most favorable to the trial court=s
ruling, we hold that the trial court properly found that Officer Cullins had
reasonable suspicion to stop Klepper and furthermore that the trial court did
not err by denying Klepper=s motion
to suppress.  Accordingly, we overrule
Klepper=s sole
point.








IV. Conclusion

Having overruled Klepper=s sole
point, we affirm the trial court=s
judgment.

 

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: February 12, 2009











[1]See Tex. R. App. P. 47.4.





[2]After the trial court
denied his motion to suppress, Klepper pleaded guilty pursuant to a plea
agreement but preserved his pretrial objections for appeal.  The trial court sentenced Klepper to forty
days= confinement and ordered
him to pay a $750 fine.