IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40244
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROBERT DANIEL SALING, JR.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:98-CR-46-ALL
--------------------
October 31, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

      Robert Daniel Saling, Jr. (Saling) appeals his conviction
after a jury trial of being a felon in possession of a firearm in
violation of 18 U.S.C. § 922(g).  Saling argues that the district
court erred in denying his motion to suppress evidence that was
gathered after a traffic stop.  His arguments regarding the
suppression of his statement about the pistol found in his
vehicle and the failure of the district court to instruct the
jury on whether the traffic stop was valid have not been

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

adequately briefed and are therefore deemed abandoned.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Saling argues that the lane movement observed by the arresting officer did not constitute a traffic violation under Texas Transportation Code § 545.060 because the lane movement was not unsafe or dangerous.  The cases cited by Saling are distinguishable from this case.  In this case, the arresting officer subjectively believed that Saling was driving under some kind of impairment, possibly intoxication, and he based this suspicion on objective reasons, including the time of day, the location, and the vehicle's movements.  See Hernandez v. State, 983 S.W.2d 867, 870 (Tex. App. 1998, pet. ref'd); cf. State v. Tarvin, 972 S.W.2d 910, 912 (Tex. App. 1998, pet. ref'd); State v. Arriaga, 5 S.W.3d 804, 806 (Tex. App. 1999, pet. ref'd); and Ehrhart v. State, 9 S.W.3d 929, 930 (Tex. App. 2000, pet. ref'd).

The judgment of the district court is therefore AFFIRMED.