11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Francis Earl Bullock, Jr.

Appellant

Vs.                   No.
11-01-00189-CR B Appeal from Eastland County

State of Texas

Appellee

 

Appellant
pleaded guilty to the third degree felony offense of driving while intoxicated,
subsequent offense; and the trial court assessed appellant=s punishment at confinement for 6 years and a
fine of $1,000.  The trial court
suspended the imposition of the sentence and placed appellant on community
supervision for 6 years. Appellant appeals the trial court=s denial of his pretrial motion to suppress
evidence.  We affirm.

Tim Pitts,
a police officer employed by the Eastland Police Department, testified that he
arrested appellant for driving while intoxicated.  The trial court found that Officer Pitts first observed appellant
around 1:00 a.m. badly weaving within appellant=s lane of traffic.  Appellant
was jerking the wheel as if to avoid hitting something.  Next, Officer Pitts observed appellant
constantly hitting his brakes and traveling at a slow rate of speed.  The officer observed that appellant barely
missed hitting a well-delineated curb. 
Officer Pitts believed that appellant=s driving was erratic.  Officer
Pitts followed appellant for several blocks before stopping appellant.  The officer testified that, at that time, he
had a reasonable suspicion that the driver was intoxicated.  The officer based his opinion on his having
many years of experience with prior driving while intoxicated arrests.








We give
almost total deference to a trial court=s determination of historical facts that find support in the record,
especially when the trial court=s fact findings are based on an evaluation of credibility and
demeanor.  We review de novo the trial
court=s application of the law to the facts.  Guzman v. State, 955 S.W.2d 85
(Tex.Cr.App.1997).  Law enforcement
officers may stop and briefly detain persons suspected of criminal activity on
less information than is constitutionally required for probable cause to
arrest.  Terry v. Ohio, 392 U.S. 1
(1968).  To justify the intrusion, the
officer must have specific articulable facts which, in light of his experience
and personal knowledge, would reasonably warrant the intrusion on the freedom
of the citizen detained for further investigation.   Johnson v. State, 658 S.W.2d 623, 626 (Tex.Cr.App.1983).  The officer must have a reasonable suspicion
that some activity out of the ordinary is occurring or has occurred,  some suggestion to connect the detained
person with the unusual activity, and some indication that the activity is
related to a crime.  Davis v. State, 947
S.W.2d 240, 244 (Tex.Cr.App.1997).

Officer
Pitts testified that, based on his training and experience, he had a reasonable
suspicion that the driver was intoxicated. 
All of the factors that Officer Pitts observed (the weaving, the slow
speed, the jerking, the constant braking, and the near collision with the curb)
were indications that the driver was intoxicated.  While none of the observed conduct was criminal, innocent acts
can give rise to a reasonable suspicion under proper circumstances.  Woods v. State, 956 S.W.2d 33, 38
(Tex.Cr.App.1997).

The cases
cited by appellant are factually distinguishable.  State v. Arriaga, 5 S.W.3d 804 (Tex.App. - San Antonio 1999, pet=n ref=d), and State v. Tarvin, 972 S.W.2d 910 (Tex.App. - Waco 1998, pet=n ref=d), involved drivers who were stopped solely on the basis of drifting
or weaving within a single lane of traffic, an action the officers erroneously
believed to be a moving violation.  The
officers did not testify that they suspected the drivers were intoxicated.  In Hernandez v. State, 983 S.W.2d 867, 870
(Tex.App. - Austin 1998, pet=n ref=d), the court held that crossing a lane
marker a single time did not support a reasonable suspicion that the driver was
intoxicated.  The officers involved in
Ehrhart v. State, 9 S.W.3d 929 (Tex.App. - Beaumont 2000, no pet=n), did not testify that they suspected the
defendant was intoxicated.

Officer
Pitts identified several specific articulable facts that created in his mind a
reasonable suspicion that appellant=s driving was out of the ordinary and suggested that appellant was
intoxicated.  Based on a review of the
totality of the circumstances, the trial court did not err in denying appellant=s motion to suppress the evidence.

 








The
judgment of the trial court is affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

May 23, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Wright, J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.