IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00249-CR

 

John Henry Lenox,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 18th District Court

Johnson County, Texas

Trial Court No. F37645

 



MEMORANDUM  Opinion



 

Appellant John Henry Lenox
was convicted of driving while intoxicated.  He appeals this conviction.  We
will affirm the judgment of the trial court.

Background

On January 11, 2004 at
approximately 12:40 a.m., DPS Trooper Jim Gillman was traveling on Highway 67
when he noticed a Jeep SUV cross the “fogline,” the solid white line
at the right-hand side of the road, and strike the “rumble strips.” 
Gillman observed the Jeep cross over the line several times before he activated
his onboard video camera and then recorded him cross the line several more
times before turning on his overhead lights.  The Jeep was “very slow to stop”
and again crossed the line once or twice before pulling over to the shoulder.  Because
the driver, Lenox, showed multiple signs of intoxication, he was placed under
arrest for driving while intoxicated (“DWI”).  

Lenox was indicted for
felony DWI on March 4, 2004.  He filed a motion to suppress the evidence
obtained during the traffic stop.  The trial court denied the motion, Lenox pled
guilty, and he was sentenced to ten years probation.  In his sole issue, he
complains that the trial court erred in denying the motion to suppress evidence
because Officer Gillman lacked the requisite reasonable suspicion to make the
initial traffic stop.  

Standard of Review

      We review a trial court’s ruling
on a motion to suppress under a bifurcated standard of review.  Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955
S.W. 2d
85, 89 (Tex. Crim. App. 1997).  A trial court’s denial of a motion to suppress
is reviewed for abuse of discretion.  Oles v. State,  993 S.W.2d
103, 106 (Tex. Crim. App. 1999).  The trial court’s findings of fact are given
“almost total deference,” and in the absence of explicit findings, the
appellate court assumes the trial court made whatever appropriate implicit
findings that are supported by the record.  Carmouche, 10 S.W.3d at
327-28; Guzman, 955 S.W.2d at 89-90.  But when
the trial court's rulings do not turn on the credibility and demeanor of the
witnesses, we review de novo a trial court's rulings on mixed questions of law
and fact.  Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App.
2005).  Therefore, although due weight should be given to the inferences drawn
by trial judges and law enforcement officers, determinations of matters such as
reasonable suspicion and probable cause are reviewed de novo on
appeal.  Guzman, 955 S.W.2d at 87
(citing Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d
911 (1996)).

Traffic Stop

Applicable Law

A traffic stop is a “seizure”
within the meaning of the Fourth Amendment, even though the purpose of the stop
is limited and the resulting detention is quite brief.  Delaware v. Prouse,
440 U.S. 648, 653, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979); see United States v. Brigham, 382 F.3d 500, 506 (5th Cir. 2004) (en banc); Francis v.
State, 922 S.W.2d 176, 178 (Tex. Crim. App. 1996).  Therefore, a traffic
stop must be reasonable under the United States and Texas Constitutions.  See
U.S. Const. amend. IV; Tex. Const. art. I, § 9.  

A police officer is
generally justified in briefly detaining an individual on less than probable
cause for the purposes of investigating possible criminal behavior where the
officer can point to specific and articulable facts, which, taken together with
rational inferences from those facts, reasonably warrant the intrusion.  Terry
v. Ohio,  392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20
L.Ed.2d 889 (1968); Carmouche, 10 S.W.3d at 328.  However, the officer
must have reasonable suspicion that the individual is connected to criminal
activity.  State v. Larue, 28 S.W.3d 549, 553 n.8 (Tex. Crim. App.
2000). 


The reasonableness of a traffic
stop must be examined in terms of the totality of the circumstances.  Woods
v. State, 956 S.W.2d 33, 37 (Tex. Crim. App. 1997).  When used by trained
law enforcement officers, objective facts, meaningless to the untrained, can be
combined with permissible deductions from such facts to form a legitimate basis
for suspicion of a particular person.  Id. at 37-8.  Generally, what
appears to be a violation of the Texas Transportation Code gives rise to
reasonable suspicion in support of a valid traffic stop.  See Tyler v. State, 161 S.W.3d 745, 750 (Tex. App.—Fort Worth 2005, no pet.).  

Analysis

Lenox relies on Tarvin for the
proposition that weaving within a lane of traffic is not a legitimate ground
for a traffic stop.  Tarvin v. State, 972 S.W.2d 910, 912 (Tex.
App.—Waco 1998, pet. ref’d).  Although the facts of that case are similar to
those in the present case, the cases are distinguishable.  In Tarvin, the
trial court granted the motion to suppress because the court found, based on
the evidence presented at the suppression hearing, that the defendant did not
leave his lane of traffic.  Id. at 911.  In deference to the
trial court’s findings, this court affirmed the suppression order because there
was no evidence that the defendant’s driving provided reasonable suspicion of
criminal activity.

In the present case, during
the hearing on the motion to suppress evidence, the trial court heard testimony
from Officer Gillman that Lenox
crossed over the “fogline”
multiple times.  Further, a
video of Lenox crossing the line was introduced into evidence.  The Texas Transportation Code allows an
operator of a motor vehicle, in limited circumstances, to “drive on an improved
shoulder to the right of the main traveled portion of a roadway if that
operation is necessary and may be done safely.”  Tex.
Trans. Code Ann. § 545.058(a) (Vernon 1999).  However,
the record does not show any of the exceptions in Section 545.058(a).  See
id.  The trial court
found, based on this evidence, that Lenox violated Section 545.058(a).  Id. 

We agree that Officer Gillman had
reasonable suspicion of criminal activity and the traffic stop was legal.  The trial court did
not abuse its discretion by denying Lenox’s motion to suppress evidence.  We
overrule Lenox’s sole issue.

Conclusion

      Having overruled Lenox’s sole
issue, we affirm the judgment of the trial court.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed May 24, 2006__________

Do
not publish 

[CR25]