IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00164-CR

 

Suzanna Felicia Aziewicz,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the County Criminal Court
No. 8

Tarrant County, Texas

Trial Court No. 0933212

 



MEMORANDUM  Opinion



 

          Suzanna Aziewicz appeals the denial of
her suppression motion in this misdemeanor DWI.  She contends in her sole point
that the State failed to prove that her arresting officer had reasonable
suspicion for a traffic stop.  We will affirm.

An Arlington police officer observed a car
driving on Highway 360 at about 3:00 in the morning which was constantly
applying its brakes for no apparent reason. The officer then noticed Aziewicz’s
Isuzu Rodeo directly in front of this other car.  Aziewicz “all of a sudden” veered
over to the far right lane as if she were about to exit the highway and then
she “veered right back onto the roadway.”  The officer testified that Aziewicz
made these maneuvers in an unsafe manner.  The first car exited, while Aziewicz
continued south on the highway.  Aziewicz was weaving within her lane; she “slammed”
on her brakes for no apparent reason; and she was driving about 10 miles per
hour below the posted speed limit.  The officer suspected that Aziewicz may be
intoxicated and pulled the car over to investigate further.

Aziewicz cites three decisions which she contends
control the disposition of her case: State v. Palmer, No.
02-03-00526-CR, 2005 WL 555281 (Tex. App.—Fort Worth Mar. 10, 2005, pet.
granted) (not designated for publication); Richardson v. State. 39 S.W.3d
634 (Tex. App.—Amarillo 2000, no pet.); State v. Tarvin,
972 S.W.2d 910 (Tex. App.—Waco 1998, pet. ref’d).

Palmer
is problematic for at least two reasons.  First, it is an unpublished decision.
Tex. R. App. P. 47.7 (“Opinions not designated for publication by the court of
appeals under these or prior rules have no precedential value but may be cited
with the notation, ‘(not designated for publication).’”).  And second, the
Court of Criminal Appeals has granted review on the particular issue of whether
the court of appeals correctly upheld the trial court’s decision that the
arresting officer did not have reasonable suspicion to make a traffic stop.  See
State v. Palmer, No. 05-0555 (Tex. Crim. App. Oct. 19, 2005) (order
granting discretionary review).  Nevertheless, we will address the Palmer
holding and discuss why it may be distinguished.  

In Palmer, the officer testified about
several observations which caused him to suspect the driver of the car he was
following may be intoxicated:

·                   
the car was driving 5 miles per
hour below the posted speed limit;

 

·                   
the car was “riding the
right line of the roadway”;

 

·                   
the driver changed lanes
into an entrance ramp lane before being forced back into the rightmost lane when
the entrance ramp lane ended;

 

·                   
the driver turned on his right
turn signal even though there was no lane to turn into, then the driver turned
off his signal and continued on before again turning on his right turn signal;

 

·                   
the driver then exited the
highway and, according to the officer, applied his brakes in a sudden and
unsafe manner

 

·                   
the driver again activated
his right turn signal and moved onto the service road, crossing over the double
white line;

 

·                   
then just before reaching a
intersection, the driver slowed down and moved partially into the
right-turn-only lane before rolling forward into the go-straight lane and
coming to a stop.

 

Palmer,
2005 WL 555281, at *1.

          The Fort Worth Court observed that the
driver was not traveling in the passing lane, did not
erratically change speeds, was not weaving within his own lane, and did not
have trouble maintaining a single lane of traffic.   The Court also observed
that the videotape did not support the State’s assertion that the driver
applied his brakes in a sudden and unsafe manner.  The court concluded
that, under the totality of the circumstances, these were not sufficient articulable
facts to uphold a finding of reasonable suspicion.  Id., 2005 WL 555281,
at *3.

          In Richardson, the officer observed a car driving about 20 miles per hour below the
posted speed limit on an interstate at about 2:00 in the morning.  Because of
this, the officer believed the driver may be intoxicated.  Richardson,
39 S.W.3d at 636.  This was the sole basis for the stop.  Id. at 640.  The
 Amarillo Court concluded that, because the officer agreed there were at least
two reasons other than intoxication which could explain the driver’s slow
speed, driving slowly, standing alone, did not provide reasonable suspicion
that the driver was intoxicated.  Id.

In Tarvin, the officer testified that he
pulled the defendant over after observing him drive "over" the
right-hand lane marker two or three times.  See 972 S.W.2d at 910-11.  It
was unclear from the officer’s testimony whether the right tires of the
defendant’s car ever crossed completely over the lane marker, and the trial
court found that they had not.  Id. at 910-11 & n.2.  The officer
did not testify that he suspected the defendant to be intoxicated.  Id. at 912.

Aziewicz's case differs from Palmer and Tarvin
because those were both State’s appeals from the grant of suppression
motions.  Cf. Palmer, 2005 WL 555281, at *1; Tarvin, 972 S.W.2d at
910.  Aziewicz’s case differs from Richardson and further differs
from Tarvin because the officer observed more than just one aspect of
Aziewicz’s driving which caused the officer to suspect she may be intoxicated. 
Cf. Richardson,
39 S.W.3d at 640; Tarvin, 972 S.W.2d at 912.  Aziewicz’s case also differs from Tarvin because
the officer in fact stated that he suspected Aziewicz was intoxicated.  Cf. Tarvin,
972 S.W.2d at 912.

The trooper here testified to several aspects of
Aziewicz’s driving which caused him to suspect she may be intoxicated.  Aziewicz
cites cases (other than Palmer) which isolate two of the officer’s
observations and hold that such an observation, standing alone, does not give
rise to reasonable suspicion.  However, a finding of reasonable suspicion must
be based on the totality of the circumstances and not by analysis of each particular
observation in isolation.  See Ford v. State, 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005).

Under the totality of the circumstances, giving
appropriate deference to the trial court, we cannot say that the court abused
its discretion by denying the suppression motion.  See James v. State,
102 S.W.3d 162, 171-72 (Tex. App.—Fort Worth 2003, pet. ref’d); Gajewski v.
State, 944 S.W.2d 450, 452-53 (Tex. App.—Houston [14th Dist.] 1997, no
pet.).

Therefore, we overrule Aziewicz’s sole point and
affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed June 21, 2006

Do not publish

[CR25]