**Opinion filed April 29, 2010**



## In The

# Eleventh Court of Appeals

_____

### No. 11-09-00020-CR

_____

## EVERT CLYDE BAKER JR., Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 396th District Court**

**Tarrant County, Texas**

**Trial Court Cause No. 1047321D**

## M E M O R A N D U M   O P I N I O N

The trial court convicted Evert Clyde Baker Jr. of felony driving while intoxicated and assessed his punishment at ten years confinement, probated for three years, and a $1,000 fine. We affirm.

### I. *Background Facts*

Euless Police Officer Thomas White Tice was stopped at a red light. A motorcyclist pulled alongside and motioned for him to roll down his window. Officer Tice did so, and the motorcyclist said that he had just witnessed a black, Ford Ranger pickup "weaving all over the

road" and that he believed the driver was intoxicated. Officer Tice found the pickup, followed it, and observed it weaving within its lane. Officer Tice initiated a traffic stop and identified Baker as the driver. After conducting field sobriety tests, Officer Tice arrested Baker for driving while intoxicated.

Baker was indicted for felony driving while intoxicated. Baker waived a jury. At the close of the State's case, Baker's counsel challenged the legality of the stop by moving for an instructed verdict. The trial court denied the motion and ultimately found Baker guilty.

## II. *Ineffective Assistance*

Baker's sole complaint on appeal is that he received ineffective assistance from trial counsel. Baker argues that his detention by Officer Tice was illegal and that his trial counsel was ineffective for not raising this by filing a motion to suppress or by objecting to the State's evidence. Baker contends that, had trial counsel done so, he would have been acquitted.

To determine whether Baker's trial counsel rendered ineffective assistance at trial, we must first determine whether Baker has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When counsel has not had an opportunity to explain his actions, we must presume that the challenged action might be part of an overall strategic plan. *Thompson v. State*, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). Normally, the record on direct appeal will not be sufficient to overcome this presumption; however, Baker may overcome this presumption if the record reflects that counsel's omission would have been unacceptable regardless of any trial strategy. *Id.* at 814.

Baker acknowledges that trial counsel raised the legality of Officer Tice's stop during the motion for instructed verdict but contends this was an unreasonable strategy because that motion challenged the legal sufficiency of the evidence rather than its legality and because counsel failed to object to the State's exhibits. The State responds that trial counsel's decision to raise the legality of the stop by motion for directed verdict rather than motion to suppress was a reasonable trial strategy because jeopardy had then attached. Because Baker has failed to satisfy *Strickland*'s second prong, we need not determine whether counsel pursued a reasonable strategy.

For Fourth Amendment purposes, a traffic stop is a seizure and must be reasonable.

*Davis v. State*, 947 S.W.2d 240, 243, 245 (Tex. Crim. App. 1997). Police officers may stop and briefly detain a person for investigative purposes if they have a reasonable suspicion supported by articulable facts that criminal activity may be afoot. *United States v. Sokolow*, 490 U.S. 1, 7 (1989). Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005).

Baker contends that Officer Tice lacked the authority to detain him because his testimony did not establish any predicate criminal activity. Baker notes that Officer Tice merely observed him weaving within his own lane. Baker relies upon *State v. Tarvin*, 972 S.W.2d 910 (Tex. App.—Waco 1998, pet. ref'd), for the proposition that weaving within a single lane of traffic alone is insufficient to justify a temporary detention. Baker's argument, however, fails to consider the information Officer Tice received from the motorcyclist. Officer Tice testified that the motorcycle rider told him "that a black Ranger pickup that had just turned southbound on Main Street was weaving all over the road and he believed the driver to be intoxicated." The rider pointed, and Officer Tice saw a Ranger pickup traveling southbound on Main.

Baker contends that the motorcyclist's statement did not justify his detention because it was not corroborated. *See Florida v. J.L.*, 529 U.S. 266, 270 (2000) (uncorroborated tip by unnamed informant of undisclosed reliability standing alone rarely will establish the requisite level of suspicion necessary to justify an investigative detention). Corroboration of a citizen's statement does not require independently acquired reasonable suspicion of criminal behavior. *Brother v. State*, 166 S.W.3d 255, 258-59 & n.5 (Tex. Crim. App. 2005) (officer need not personally witness facts giving rise to criminal activity before relying upon a citizen's report). Rather, corroboration refers to whether the police officer, in light of the circumstances, confirms sufficient facts to reasonably conclude that the citizen's information is reliable. *Alabama v. White*, 496 U.S. 325, 330-31 (1990). Texas courts have held that statements such as that given by the motorcyclist were properly corroborated when the officer observed the driver weaving within a single lane of traffic. *See State v. Nelson*, 228 S.W.3d 899, 904 (Tex. App.—Austin 2007, no pet.); *Mitchell v. State*, 187 S.W.3d 113, 118 (Tex. App.—Waco 2006, pet. ref'd). Texas courts have also recognized that citizen tips are entitled to great weight if the informant puts himself in a position to be easily identified and held accountable for his intervention.

*Mitchell*, 187 S.W.3d at 117. Officer Tice did not get the motorcyclist's name, but the rider put himself in a position to be easily identified and held accountable for his intervention by reporting in person.

Baker has failed to establish a reasonable probability that a motion to suppress or an objection to the State's evidence would have been successful. The information Officer Tice received from the motorcyclist, coupled with his own personal observations, justified a temporary detention. Baker's issue is overruled.

III. <em>Conclusion</em>

The judgment of the trial court is affirmed.

RICK STRANGE

JUSTICE

April 29, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.