Opinion filed April 29,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00020-CR 

                                                    __________

 

                             EVERT
CLYDE BAKER JR., Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 396th District Court

 

                                                          Tarrant
County, Texas

 

                                                  Trial
Court Cause No. 1047321D

 



 

                                            M
E M O R A N D U M   O P I N I O N

The
trial court convicted Evert Clyde Baker Jr. of felony driving while intoxicated
and assessed his punishment at ten years confinement, probated for three years,
and a $1,000 fine.  We affirm.

                                             
I.  Background Facts

Euless
Police Officer Thomas White Tice was stopped at a red light.  A motorcyclist
pulled alongside and motioned for him to roll down his window.  Officer Tice
did so, and the motorcyclist said that he had just witnessed a black, Ford
Ranger pickup “weaving all over the road” and that he believed the driver was
intoxicated.  Officer Tice found the pickup, followed it, and observed it
weaving within its lane.  Officer Tice initiated a traffic stop and identified Baker
as the driver.  After conducting field sobriety tests, Officer Tice arrested
Baker for driving while intoxicated.

Baker
was indicted for felony driving while intoxicated.  Baker waived a jury.  At
the close of the State’s case, Baker’s counsel challenged the legality of the
stop by moving for an instructed verdict.  The trial court denied the motion
and ultimately found Baker guilty.

II.  Ineffective Assistance

Baker’s
sole complaint on appeal is that he received ineffective assistance from trial
counsel.  Baker argues that his detention by Officer Tice was illegal and that his
trial counsel was ineffective for not raising this by filing a motion to
suppress or by objecting to the State’s evidence.  Baker contends that, had
trial counsel done so, he would have been acquitted.

To determine whether Baker’s trial counsel rendered ineffective assistance at trial, we
must first determine whether Baker has shown that counsel’s representation fell
below an objective standard of reasonableness and, if so, then determine
whether there is a reasonable probability that the result would have been
different but for counsel’s errors.  Strickland v. Washington,
466 U.S. 668, 687 (1984).  When counsel has not had an opportunity to explain
his actions, we must presume that the challenged action might be part of an
overall strategic plan.  Thompson v. State, 9 S.W.3d 808, 812-13 (Tex.
Crim. App. 1999).  Normally, the record on direct
appeal will not be sufficient to overcome this presumption; however, Baker
may overcome this presumption if the record reflects that counsel’s omission
would have been unacceptable regardless of any trial strategy.  Id. at 814.

Baker acknowledges that trial counsel raised the legality
of Officer Tice’s stop during the motion for instructed verdict but contends
this was an unreasonable strategy because that motion challenged the legal
sufficiency of the evidence rather than its legality and because counsel failed
to object to the State’s exhibits.  The State responds that trial counsel’s
decision to raise the legality of the stop by motion for directed verdict
rather than motion to suppress was a reasonable trial strategy because jeopardy
had then attached.  Because Baker has failed to satisfy Strickland’s
second prong, we need not determine whether counsel pursued a reasonable
strategy.  

For
Fourth Amendment purposes, a traffic stop is a seizure and must be reasonable. 
Davis v. State, 947 S.W.2d 240, 243, 245 (Tex. Crim. App. 1997).  Police
officers may stop and briefly detain a person for investigative purposes if
they have a reasonable suspicion supported by articulable facts that criminal
activity may be afoot. United States v. Sokolow, 490 U.S. 1, 7 (1989). 
Reasonable suspicion exists when, based on the totality of the circumstances,
the officer has specific, articulable facts that, when combined with rational
inferences from those facts, would lead him to reasonably conclude that a
particular person is, has been, or soon will be engaged in criminal activity.  Ford
v. State, 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005).

Baker
contends that Officer Tice lacked the authority to detain him because his
testimony did not establish any predicate criminal activity.  Baker notes that
Officer Tice merely observed him weaving within his own lane.  Baker relies
upon State v. Tarvin, 972 S.W.2d 910 (Tex. App.—Waco 1998, pet. ref’d),
for the proposition that weaving within a single lane of traffic alone is
insufficient to justify a temporary detention.  Baker’s argument, however,
fails to consider the information Officer Tice received from the motorcyclist. 
Officer Tice testified that the motorcycle rider told him “that a black Ranger
pickup that had just turned southbound on Main Street was weaving all over the
road and he believed the driver to be intoxicated.”  The rider pointed, and Officer
Tice saw a Ranger pickup traveling southbound on Main.

Baker
contends that the motorcyclist’s statement did not justify his detention
because it was not corroborated.  See Florida v. J.L., 529 U.S. 266, 270
(2000) (uncorroborated tip by unnamed informant of undisclosed reliability
standing alone rarely will establish the requisite level of suspicion necessary
to justify an investigative detention).  Corroboration of a citizen’s statement
does not require independently acquired reasonable suspicion of criminal
behavior.  Brother v. State, 166 S.W.3d 255, 258-59 & n.5 (Tex.
Crim. App. 2005) (officer need not personally witness facts giving rise to
criminal activity before relying upon a citizen’s report).  Rather,
corroboration refers to whether the police officer, in light of the
circumstances, confirms sufficient facts to reasonably conclude that the
citizen’s information is reliable.  Alabama v. White, 496 U.S. 325,
330-31 (1990).  Texas courts have held that statements such as that given by
the motorcyclist were properly corroborated when the officer observed the
driver weaving within a single lane of traffic.  See State v. Nelson,
228 S.W.3d 899, 904 (Tex. App.—Austin 2007, no pet.); Mitchell v. State,
187 S.W.3d 113, 118 (Tex. App.—Waco 2006, pet. ref’d).  Texas courts have also
recognized that citizen tips are entitled to great weight if the informant puts
himself in a position to be easily identified and held accountable for his
intervention.  Mitchell, 187 S.W.3d at 117.  Officer Tice did not get
the motorcyclist’s name, but the rider put himself in a position to be easily
identified and held accountable for his intervention by reporting in person.

Baker
has failed to establish a reasonable probability that a motion to suppress or
an objection to the State’s evidence would have been successful.  The
information Officer Tice received from the motorcyclist, coupled with his own personal
observations, justified a temporary detention.  Baker’s issue is overruled.

                                                     
III.  Conclusion

The
judgment of the trial court is affirmed.

 

 

                                                                                    RICK
STRANGE                              

                                                                                    JUSTICE

 

April 29, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.