ACCEPTED
03-14-00454-CR
4488029
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/13/2015 10:50:23 AM
JEFFREY D. KYLE
CLERK

# THIRD DISTRICT COURT OF APPEALS

## AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

3/13/2015 10:50:23 AM

JEFFREY D. KYLE
Clerk

————————————

### Np. 03-14-00454-CR
————————————

### CLIFTON CREWS HOYT,
#### Appellant

#### versus

### STATE OF TEXAS,
#### Appellee

_____

**On Appeal from A DWI Conviction in the 391ST Judicial District Court
Tom Green County, JUNE 11, 2014, Cause No. D-10-0665-SA
Honorable TOM GOSSETT, Judge Presiding**

_____

### <u>REPLY BRIEF BY CLIFTON CREWS HOYT</u>

By: */s/ John T Floyd*
John Thomas Floyd III
Texas Bar No. 00790700
By: */s/ Christopher M. Choate*
Christopher M. Choate
Texas Bar No. 24045655
Principal Office
The Kirby Mansion
2000 Smith Street
Houston, TX 77002
Tel: 713-581-1060
Fax: 713-237-1511

Attorneys for Appellant

# IDENTITY OF PARTIES AND COUNSEL

John T. Floyd III, SBOT No. 00790700, Appellant's trial counsel, Principal Office, The Kirby Mansion, 2000 Smith Street, Houston, Texas 77002, Tel: 713-581-1060.

Christopher M. Choate, SBOT 24045655, Appellant's trial counsel, Principal Office, The Kirby Mansion, 2000 Smith Street, Houston, Texas 77002, Tel. 713-581-1060.

Richard Villarreal, SBOT 00797602, Assistant District Attorney, Tom Green County, 124 West Beauregard, San Angelo, Texas 76903, Tel: 325-659-6583.

Honorable Tom Gossett, Tom Green County, 112 W. Beauregard, San Angelo, Texas. 76903, Tel: 325-659-6569.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ..................................................................................... i

TABLE OF CONTENTS .................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................... ii

CLARIFICATION OF ARGUMENTS ...................................................................................... 1

    ARGUMENT ONE: THERE WAS NO PROBABLE CAUSE TO CONDUCT TRAFFIC STOP. .................... 1

    ARGUMENT TWO: THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION PURSUANT TO TEX. PENAL CODE § 49.01, ET SEQ. ............................................................................. 7

CONCLUSION ................................................................................................................ 9

CERTIFICATE OF SERVICE .............................................................................................. 10

CERTIFICATE OF COMPLIANCE ....................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Williams*, 407 U.S. 143, 147 (1972). ...................................................................... 3

*Bass v. State*, 64 S.W.3d 646, 651 (Tex.App.-- Texarkana 2001, pet. ref'd) ............................... 5

*Compton v. State*, 120 S.W.3d 375, 378 (Tex. App.—Texarkana 2003, pet. ref'd) ....................... 7

*Derichsweiler v. State*, 348 S.W.3d 906, 913 (Tex. Crim. App. 2011). ...................................... 3

*Eichler v. State*, 117 S.W.3d 897, 898 (Tex.App.-- Houston [14th Dist.] 2003, no pet.) ............... 5

*Emerson v. State*, 880 S.W.2d 759, 769 (Tex. Crim. App. 1994) .............................................. 7

*Florida v. J.L.*, 529 U.S. 266, 268 (2000) .......................................................................... 2

*Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005) ................................................... 2

*Fowler v. State*, 266 S.W.3d 498, 499 (Tex.App.--Fort Worth 2008, pet. ref'd) ........................... 5

*Hernandez v. State*, 983 S.W.2d 867, 870-71 (Tex.App.—Austin 1998) .................................... 4

*Kirsch v. State*, 306 S.W.3d 738. 745 (Tex. Crim. App. 2010). ............................................... 7

*State v. Arriaga*, 5 S.W.3d 804, 807 (Tex.App.--San Antonio 1999, pet. ref'd) ........................... 5

*State v. Cerny*, 28 S.W.3d 796, 799 (Tex.App.--Corpus Christi 2000, no pet.) ............................ 5

*State v. Gendron*, 2015 Tex. App. LEXIS 1334, No. 08-13-00119-CR (Tex.App.—El Paso Feb. 11, 2015) ...................................................................................................................... 4

*State v. Tarvin*, 972 S.W.2d 910, 912 (Tex.App.--Waco 1998, pet. ref'd) .................................... 5

**Statutes**

Tex. Penal Code § 49.01 ............................................................................................. 6, 8

Tex. Transp. Code § 545.060(a) ....................................................................................... 4

**Rules**

Tex. R. App. P. 38.3 ...................................................................................................... 1

Tex. R. Evid. 702 .......................................................................................................... 7

Tex. R. App. P. 9.4(i)(2)(c) ............................................................................................. 10

## CLARIFICATION OF ARGUMENTS

Through undersigned counsel and pursuant to Tex. R. App. P. 38.3, Appellant respectfully files this reply brief to clarify some issues presented in Appellee's original brief.

**ARGUMENT ONE: THERE WAS NO PROBABLE CAUSE TO CONDUCT THE TRAFFIC STOP.**

As evidenced throughout its brief, the State's entire case hinges on the "wide right turn" appellant reportedly made off Alexander Street onto Houston Harte in San Angelo the night Appellant was arrested. (TR., Vol. 2, p. 24). This alleged traffic violation, which was not conducted in an unsafe manner, was the basis for the initial traffic stop of appellant by Officer Stewart.

As pointed out in appellant's original brief, certain basic facts are not in dispute. At approximately 2:21 a.m., Officer Stewart was dispatched to a Whataburger restaurant on Sherwood Way in San Angelo to check out a report about an intoxicated driver there. (TR., Vol. 2, p. 22-23). Officer Stewart obtained a description of the suspect's vehicle from the dispatcher. No such vehicle was located at the restaurant.

The dispatcher did not provide the officer with any additional information about how he or she received the information concerning the alleged intoxicated driver. The dispatcher could only provide Officer Stewart with a description of the vehicle. It can be presumed, although it was not established by the State, that the

1

dispatcher received the information about the intoxicated driver from either an identifiable citizen or an anonymous tipster. But one thing is certain: Officer Stewart could not state how the dispatcher received the information. (TR., Vol. 2, p. 41-42).

The appellant asserts that the State had the burden to establish by what means the dispatcher obtained information about the intoxicated driver and the description of his vehicle. The State did not meet this burden. This is a crucial deficiency in the State's case because the record does not disclose if the information about the alleged intoxicated driver and vehicle description was obtained from a confidential informant. The law in place at the time of this incident was that a police officer could not stop and detain a person based solely on a bare-bones confidential tip. *Florida v. J.L.*, 529 U.S. 266, 268 (2000).

The bare-bones information regarding a general description of a vehicle—which was based on a confidential tip—did not establish probable cause for Officer Stewart to seek out and identify a vehicle suspected of being driven by an intoxicated person. *Id.*

Once Officer Stewart was dispatched to the Whataburger, and after he could not locate such a driver or described vehicle, he no longer had a reasonable suspicion that criminal activity was present in that area. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). He did not interview either the employees and/or

2

customers at the restaurant to determine if an intoxicated driver had been there; and if so, to obtain a description of that individual. All the officer had to operate on was a dispatcher's call based on a bare-bones anonymous tip which, at the time, did not establish probable cause to believe a crime had been committed. *J.L.*, 529 U.S. at 268.

This is not a case where the record reflects that the information provided to the police dispatcher came from a citizen-informant who identified himself so he could be held accountable for the accuracy and veracity of his report. *Adams v. Williams*, 407 U.S. 143, 147 (1972). In such a context, it could be objectively reasonable to believe that an intoxicated driver might be present at the Whataburger. *Derichsweiler v. State*, 348 S.W.3d 906, 913 (Tex. Crim. App. 2011).

This case therefore turns on the fact that once he determined there was no suspected intoxicated driver at the Whataburger, Officer Stewart did not have a reasonable suspicion to seek out and pursue a suspected DWI vehicle. When Officer Stewart was unable to find the vehicle at the Whataburger, he went searching for a vehicle matching a general description provided by a presumably anonymous tipster; he then followed it for several blocks. Nothing about the way the vehicle was being driven created a reasonable suspicion that the driver of the vehicle was engaged in criminal activity by driving while intoxicated. In fact,

3

Officer Stewart admitted during his testimony that he did not observe any alleged traffic violations until the Defendant made a right turn that allegedly went wide, a turn which did not even rise to the level of a traffic violation, as developed further *infra*.

Officer Stewart's patrol vehicle was equipped with a video camera. Standard law enforcement protocol for a patrol officer following a vehicle in which the occupants may be engaged in criminal activity is to activate the "dash cam" at the outset of the surveillance and keep it activated throughout any subsequent stop. However, in this case, it was only after the alleged wide right turn had been completed that Officer Stewart activated the dash cam and his strobe lights. (TR. Vol. 2, p. 46-47). The officer testified at trial that motorists frequently make wide right turns and that such turns, standing alone, are not an indication of intoxication. (TR., Vol. 2, p. 44-45).

Indeed, wide right turns are not necessarily traffic violations if they are done in a manner that is not unsafe or dangerous. As stated in *Hernandez v. State*, 983 S.W.2d 867, 870-71 (Tex.App.—Austin 1998), if other drivers are not endangered by the failure to maintain the designated lane, the driver has not committed a traffic infraction under Tex. Transp. Code § 545.060(a). *Id.* See also *State v. Gendron*, 2015 Tex. App. LEXIS 1334, No. 08-13-00119-CR (Tex.App.—El Paso Feb. 11, 2015) *citing Fowler v. State*, 266 S.W.3d 498, 499 (Tex.App.--Fort Worth 2008,

4

pet. ref'd) (no reasonable suspicion to stop vehicle at 12:25 a.m. that drifted over lane line by one tire width once and touched the lane line two other times); *Eichler v. State*, 117 S.W.3d 897, 898 (Tex.App.-- Houston [14th Dist.] 2003, no pet.) (holding no reasonable suspicion when car crossed lane line on interstate in light traffic at 12:30 a.m.); *Bass v. State*, 64 S.W.3d 646, 651 (Tex.App.-- Texarkana 2001, pet. ref'd) (no reasonable suspicion to stop defendant who swerved within his lane line, and crossed it some unknown number of times over two to three mile stretch); *State v. Cerny*, 28 S.W.3d 796, 799 (Tex.App.--Corpus Christi 2000, no pet.) (holding no reasonable suspicion to stop defendant existed when car "just barely" swerved onto shoulder of lane of oncoming traffic, then crossed over shoulder line three to four times); *State v. Arriaga*, 5 S.W.3d 804, 807 (Tex.App.-- San Antonio 1999, pet. ref'd) (van drifting toward center divider--but within lane-- two to seven times near nightclub around 1:50 a.m.); *State v. Tarvin*, 972 S.W.2d 910, 912 (Tex.App.--Waco 1998, pet. ref'd) (holding no reasonable suspicion existed when car drifted over outside shoulder line two to three times at 2:00 a.m. near nightclub).

Thus, it can be reasonably argued that the wide right turn, which was not recorded and was admittedly conducted in a manner which was not unsafe, was a pretext used by Officer Stewart to stop a vehicle whose driver he suspected, without any reasonable suspicion, was intoxicated.

And this brings us to the two factors relied upon by Officer Stewart to conduct the Standard Field Sobriety Test ("SFST") after the traffic stop: odor of alcohol and bloodshot eyes. However, neither observation, standing alone or in concert, is conclusive evidence of intoxication above the BAC of .08 as set forth in Tex. Penal Code § 49.01(B). Intoxication in Texas is defined as: "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body …" Id. § 49.01(A).

The odor of alcohol alone is insufficient to establish intoxication because a BAC level of .06 under the National Highway Traffic Safety Administration may indicate impairment but does not constitute legal intoxication. A level .06 alcohol impairment can not only produce an odor of alcohol, it can also produce bloodshot eyes, as could a host of medical reasons, such as allergies. In fact, Officer Stewart testified that training in SFST teaches that bloodshot eyes, alone, do not constitute impairment; and he also conceded that the odor of alcohol does not "quantify any level of impairment." (TR., Vol. 2, p. 53-54).

Thus, Officer Stewart did not have either probable cause or reasonable suspicion to believe the appellant was intoxicated beyond the legal limit set forth in Tex. Penal Code § 49.01(B) to detain and conduct the SFST.

**ARGUMENT TWO: THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION PURSUANT TO TEX. PENAL CODE § 49.01, ET SEQ.**

The State's brief relies heavily on appellant's performance during the SFST to not only underwrite the issue of probable cause but to support its position that the evidence presented at trial was sufficient to support the conviction. However, as pointed out in appellant's original brief, the Texas Court of Criminal Appeals has consistently held that evidence of poor performance on a SFST is only one indicator of intoxication. *Kirsch v. State*, 306 S.W.3d 738. 745 (Tex. Crim. App. 2010). That indicator is applicable only if the SFST is conducted according to standardized protocols established by the National Highway Traffic Safety Administration.

The Court has held that a properly administered SFST is admissible scientific evidence under Tex. R. Evid. 702. *Emerson v. State*, 880 S.W.2d 759, 769 (Tex. Crim. App. 1994). Slight variations in the administration of portions of the SFST does not render the evidence unreliable, but may affect the weight of the testimony. *Compton v. State*, 120 S.W.3d 375, 378 (Tex. App.—Texarkana 2003, pet. ref'd).

Officer Stewart admitted on cross-examination that he violated most of the SFST protocols. They were not "slight variations." They were violations that went

to the very reliability of the intoxication determination the officer made pursuant to that test. These following examples of the officer's violations support this claim:

- Officer Stewart could not state how many SFSTs he had conducted or even place an estimate on the number. (TR., Vol. 2, p. 55).
- Officer Stewart did not turn off his strobe lights as he had been instructed in training to do during the HGN test. *Id.*, at 56.
- The clues from the HGN were indicated while the distracting strobe lights were on. *Id.*, at 57-58.
- Officer Stewart did not turn appellant away from the distraction of passing traffic during the HGN as required under SFST. *Id.*, 58.
- Officer Stewart allowed other officers present at the scene to walk by and around appellant during the HGN test which is considered an unacceptable distraction under the SFST. *Id.*, at 59.
- Officer Stewart continued to give appellant "instructions" while he was performing the "walk and turn" part of the SFST—instructions that should have been given before, not during, the test. *Id.*, at 65.
- Officer Stewart conceded giving instructions during the "walk and turn" test violated SFST protocols. *Id.*, at 66.
- Officer Stewart could not state with certainty that the violation of the "walk and turn" protocols did not invalidate the results of the test. *Id.*
- Officer Stewart conceded that the failure to follow the SFST protocols can have an impact on the results of the test. *Id.*, at 69.
- Officer Stewart admitted that he interfered with the "one-leg stand" part of the SFST in violation of protocol. *Id.*, at 70.
- Officer Stewart conceded that interference with the "one-leg stand" test could cause someone to lose their balance. *Id.*, at 72.

Inasmuch as Officer Stewart's administration of the SFST was deficient, it certainly should not be a basis for a finding of intoxication within the definition of Tex. Penal Code § 49.01. Appellant's poor performance on the SFST was the core of the State's evidence of intoxication. A finding of intoxication based on such a

8

flawed SFST undermines the integrity of a trial by reliable evidence guaranteed by the Texas Constitution and its statutes.

## CONCLUSION

For these reasons, and for any reason as may appear to the Court, the appellant requests that the Court issue a judgment of acquittal or remand his case for a new trial.

Dated this 13th day of March, 2015.

Respectfully submitted,

By: */s/ **John T Floyd***
John Thomas Floyd III
Texas Bar No. 00790700
SPN 50790700
**/s/ Christopher M. Choate**
Texas Bar No. 24045655
Principal Office
The Kirby Mansion
2000 Smith Street
Houston, TX 77002
Tel: 713-224-0101
Fax: 713-237-1511

Attorneys for Defendant

9

# CERTIFICATE OF SERVICE

I hereby certify that a copy of this, Appellant's Reply Brief, has been served upon Richard Villarreal, SBOT 00797602, Assistant District Attorney, Tom Green County, 124 West Beauregard, San Angelo, Texas 76903 on this 13th day of March, 2015 by placing same in the United States Postal System.

*/s/ John T Floyd*
*/s/ Christopher M. Choate*

# CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(2)(c), this Appellant's Brief is comprised of 2,656 words, as calculated by Microsoft Word for Windows 2010.

*/s/ John T. Floyd*
*/s/ Christopher M. Choate*