PD-1189-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/16/2015 4:04:43 PM
Accepted 10/16/2015 4:20:57 PM
ABEL ACOSTA
CLERK

No. PD-1189-14

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

FRANCHESKA V. JAGANATHAN, Appellant

v.

THE STATE OF TEXAS, Appellee

Appeal from Chambers County

_____

**FRANCHESKA V. JAGANATHAN'S MOTION FOR REHEARING**
_____

Ryan W. Gertz
The Gertz Law Firm
2630 Liberty
Beaumont, TX 77702
Tel: (409) 833-6400
Fax: (409) 833-6401
Texas Bar. No. 24048489

FILED IN
COURT OF CRIMINAL APPEALS

October 16, 2015

ABEL ACOSTA, CLERK

## Basis for Rehearing

The opinion issued by this Court, reversing the Fourteenth Court of Appeals decision, turns years of Texas jurisprudence on its head and should be reconsidered. Since *Ford v. State*[1] was decided in 2005, every court in the State has parroted its language in cases involving warrantless seizures based on traffic stops. The Court's opinion here completely changes the analysis of these cases without providing a rationale for doing so.

### 1. Deference to the Trial Court

This Court criticized the Court of Appeals for not giving deference to the Trial Court. The lack of deference aligns with the bifurcated review this Court and inferior courts throughout the State employ in these situations. Courts are to give almost total deference to the trial court's determination of historical facts and review de novo the trial court's application of law to facts not turning on credibility and demeanor.[2] Here, the video clearly shows everything necessary to determine the facts and thus deference to the Trial Court's credibility determinations is unnecessary.

---

[1] *See Ford v. State*, 158 S.W.3d 488 (Tex.Crim.App. 2005).
[2] *Amador v. State,* 275 S.W.3d 872, 878 (Tex. Crim. App. 2009); *Ford v. State,* 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005).

## 2. Objective not Subjective Standard

The Court also appears to abandon the objectivity requirement in considering the officer's actions and instead criticizes the Court of Appeals for failing to consider reasonable suspicion from the Trooper's vantage point. While the Court uses the word "objective," what the Court actually does is look at it subjectively from the Trooper's point of view. An analogous situation would be a citizen being pulled over because an officer thought he or she failed to use their turn signal, but the video subsequently shows the citizen properly using their turn signal. Would it be proper to look at the video from the officer's point of view and speculate as to how he could have personally observed a violation- maybe the sun was in his eyes, or a glare on the windshield? Of course it would not be proper.

## 3. The Court did not Address the Key Dispute

In *Ford v. State*, this Court squarely addressed a situation wherein the offense was not clearly defined, namely: what constitutes "following too close?" [3] Courts have also addressed this issue as it relates to cases involving

---

[3] *Ford v. State*, 158 S.W.3d 488 (Tex.Crim.App. 2005).

"failure to maintain a single lane" and the requirement of evidence of dangerousness.[4]

Here the issue is similar: what constitutes "passing?" As Jaganathan has pointed out during this process: passing is not a binary act, but, rather, involves a series of relatively complicated maneuvers and calculations. One is not simply passing or not passing. Instead a driver must: pass the slower vehicle at some speed exceeding the other vehicle's speed, travel a sufficient distance beyond that vehicle to safely pull back in front of that vehicle, and do so while determining whether other vehicles in the lane warrant passing or are a sufficiently safe distance ahead to make it safe to pull back into the original lane. The law requires all of these tasks be accomplished while neither speeding nor following too closely, yet properly using turn signals, not placing other vehicles in danger, and – pertinent to this case – not obstructing the passage for emergency vehicles.

---

[4] *See, e.g., Mahaffey v. State,* 316 S.W.3d 633, 640 n.35 (Tex. Crim. App. 2010); *Fowler v. State*, 266 S.W.3d 498 (Tex. App. Ft. Worth – 2008) (reversing denial of a motion to suppress where officer observed the citizen's tires cross into an adjacent lane of traffic with no cars in the area); *see also Curtis v. State*, 209 S.W.3d 688 (Tex. App. - Texarkanna 2006 (reversing a trial court because traffic stop was not justified – the officer observed weaving out of the lane, but no evidence that the weaving was unsafe). *See also Hernandez v. State,* 983 S.W.2d 867, 870 (Tex. App. – Austin 1998, pet ref'd) (holding that a defendant's slow swerve into another same direction lane did not provide reasonable suspicion for a stop); *State v. Tarvin*, 972 S.W.2d 910 (Tex. App. – Waco 1998) (upholding the grant of a motion to suppress when the state failed to demonstrate dangerousness of failing to swerving).

If one follows the Court's rationale to its logical conclusion, officers now have carte blanche to stop anyone on the highway who is traveling in the left lane for any period of time without someone immediately in the adjacent lane if a controlling sign is present. Reasonable suspicion requires that the State provide specific and articulable facts that would lead a rational person to believe an offense had been committed before initiating a Fourth Amendment seizure.[5] Setting aside the Trooper's subjective beliefs about what passing means and whether or not Jaganathan was actually doing so, an objective observer of the video – properly giving no weight to the trial court's determination – cannot conclude that the evidence here meets the "specific and articulable facts" standard. No one actually articulated what passing was in this case.

## PRAYER FOR RELIEF

WHEREFORE, the Francheska Jaganathan prays that the Court of Criminal Appeals Grant her Motion for Rehearing and AFFIRM the judgment of the Court of Appeals.

Respectfully submitted,

/s/ *Ryan W. Gertz*

_____

Ryan W. Gertz
The Gertz Law Firm

---

[5] *See Davis v. State,* 947 S.W.2d 240, 242-43 (Tex. Crim. App. 1997).

2630 Liberty
Beaumont, TX 77702
Tel: (409) 833-6400
Fax: (409) 833-6401
Texas Bar. No. 24048489
Attorney for Francheska Jaganathan

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of October, 2015, a true and correct copy of the foregoing instrument was served on the following counsel of record in accordance with the rules:

Eric Carcerano
Assistant District Attorney
Chambers County
P.O. Box 1409
Anahuac, TX 77514
ecarcerano@co.chambers.tx.us

John R. Messinger
Assistant State Prosecuting Attorney
P.O. Box 13046
Austin, TX 78711
information@spa.texas.gov

/s/ *Ryan W. Gertz*

_____
Ryan W. Gertz
Attorney for Appellant