IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00277-CR

 

The State of Texas,

                                                                                    Appellant

 v.

 

Richard Louis Dietiker,

                                                                                    Appellee

 

 



From the County Court
at Law No. 2

McLennan County, Texas

Trial Court No. 2010-1284-CR2

 



Opinion










 

            The State of Texas appeals from the
granting of Richard Louis Dietiker’s motions to suppress evidence pursuant to
Code of Criminal Procedure article 38.29.  After a traffic stop, Dietiker was
charged with the offense of driving while intoxicated.[1]  Tex. Pen. Code Ann. § 49.04 (Vernon 2003).  The State
complains that the trial court erred in its determination that the officer did
not have a reasonable suspicion that Dietiker had committed a traffic violation
and therefore it was erroneous to grant Dietiker’s motion.  Because we find that
the trial court erred by granting the motion to suppress, we reverse the
judgment of the trial court and remand for further proceedings.

Standard of Review

We review a trial court’s ruling on a
motion to suppress evidence under a bifurcated standard of review.  Amador
v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007).  In reviewing the
trial court’s decision, we do not engage in our own factual review.  Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).  The trial judge is
the sole trier of fact and judge of the credibility of the witnesses and the
weight to be given their testimony.  Wiede v. State, 214 S.W.3d 17,
24-25 (Tex. Crim. App. 2007); State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000), modified on other grounds by State v. Cullen,
195 S.W.3d 696 (Tex. Crim. App. 2006).  

When reviewing a
trial court’s ruling on a motion to suppress, we view all of the evidence in
the light most favorable to the ruling.  State v. Garcia-Cantu, 253
S.W.3d 236, 241 (Tex. Crim. App. 2008).  We afford almost total deference to a
trial court’s determination of the historical facts that the record supports,
especially when the implicit fact-finding is based on an evaluation of
credibility and demeanor.  Id.  However, when application-of-law-to-fact
questions do not turn on the credibility and demeanor of the witnesses, we
review the trial court’s ruling on those questions de novo.  Amador,
221 S.W.3d at 673.  We also review the trial court’s application of the law de
novo.  State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).
 When, as here, the trial court does not enter findings of fact, we infer
the necessary factual findings that support the trial court’s ruling if the
evidence, viewed in the light most favorable to the ruling, support the implied
fact findings.  Garcia-Cantu, 253 S.W.3d at 241.

Burden of Proof

In a hearing on a motion to suppress
evidence based on an alleged Fourth Amendment violation, the initial burden of
producing evidence that rebuts the presumption of proper police conduct is on
the defendant.  Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  This burden may be met by establishing that a search or seizure
occurred without a warrant.  Id.  After this showing is made by the
defendant, the burden of proof shifts to the State, at which time the State is
required to establish that the search or seizure was conducted pursuant to a
warrant or was reasonable.  Id.  In this proceeding, the State
stipulated that the stop was made without a warrant and assumed the burden of proof
regarding whether reasonable suspicion for the stop existed.

Reasonable Suspicion

An officer conducts a lawful temporary
detention when he has reasonable suspicion to believe that an individual is
violating the law.  Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App.
2005); Woods v. State, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997) (citing
Terry v. Ohio, 392 U.S. 1, 29, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)).
 Reasonable suspicion exists if the officer has specific, articulable
facts that, when combined with rational inferences from those facts, would lead
him to reasonably conclude that a particular person actually is, has been, or
soon will be engaged in criminal activity.  Castro v. State, 227 S.W.3d
737, 741 (Tex. Crim. App. 2007).  This is an objective standard that disregards
any subjective intent of the officer making the stop and looks solely to
whether an objective basis for the stop exists.  Ford, 158 S.W.3d at
492.  A reasonable-suspicion determination is made by considering the totality
of the circumstances.  Curtis v. State, 238 S.W.3d 376, 379 (Tex. Crim. App. 2007).

Traffic Violation

The State contends that Dietiker
committed a violation of section 545.058(a) of the Transportation Code,
entitled “Driving on Improved Shoulder.”  Section 545.058(a) of the
Transportation Code states that: 

An operator may drive on an improved
shoulder to the right of the main traveled portion of a roadway if that
operation is necessary and may be done safely, but only: 

 

(1)  
to stop, stand, or
park;

 

(2)  
to accelerate before
entering the main traveled lane of traffic;

 

(3)  
to decelerate before
making a right turn;

 

(4)  
to pass another
vehicle that is slowing or stopped on the main traveled portion of the highway,
disabled, or preparing to make a left turn;

 

(5)  
to allow another vehicle
traveling faster to pass;

 

(6)  
as permitted or
required by an official traffic-control device; or

 

(7)  
to avoid a
collision.

 

Tex.
Transp. Code Ann. §
545.058(a) (Vernon 1999).

            It is undisputed that the
tires on the passenger side of the vehicle Dietiker was driving briefly crossed
over the “fog line,” which is the white line that separates the right lane of
traffic from the shoulder of an improved road.  The officer stated that the
only reason that he stopped Dietiker was based on this one incursion over the
fog line for three or four seconds and that it was late at night and windy, and
therefore, it was difficult for him to see if there was a pedestrian or other
vehicle on the road.  The road was two lanes wide in each direction.  There was
no evidence relating to necessity or any of the seven permitted reasons for
driving on an improved shoulder.

Trial Court’s Conclusions of Law

            The trial court’s oral
ruling demonstrated that it based its decision to grant the motion to suppress
based upon this Court’s holding in State v. Tarvin.  See State v.
Tarvin, 972 S.W.2d 910 (Tex. App.—Waco 1998, pet. ref’d).  In Tarvin,
this Court held that a short incursion onto the fog line did not constitute
reasonable suspicion to conduct a traffic stop pursuant to section 545.060 of
the Transportation Code without other evidence of it being unsafe, erratic, or
the officer is suspicious of other criminal activity such as intoxication.  

            However, the State did not
contend that Dietiker violated section 545.060, but instead relied exclusively
on section 545.058(a).  It is the State’s choice to determine which traffic
violation it relies upon in establishing reasonable suspicion for a traffic
stop.  Noack v. State, No. 11-07-00107-CR, 2008 Tex. App. LEXIS 8587 at
*5 (Tex. App.—Eastland Nov. 13, 2008, no pet.) (mem. op.) (not designated for
publication).  Once it makes that determination, the State then has the burden
of establishing a reasonable suspicion that this statute had been violated.  Id.  Our inquiry, consequently, surrounds the statute on which the State relied,
which was section 545.058(a).  Pursuant to section 545.058(a), safety is one
factor that must be established.  However, if the incursion onto the shoulder
was not necessary or none of the statutory exceptions set forth in section
545.058(a) that permit a driver to drive on the shoulder apply, whether or not
Dietiker was driving safely was immaterial.  Because of this, the trial court’s
oral conclusion of law revolving around a violation of section 545.060 was erroneous. 
We must then determine whether the State met its burden of proof to establish
reasonable suspicion of a violation of section 545.058(a).

Analysis

As stated previously, it is undisputed
that the record before the trial court contained no evidence that Dietiker’s
driving on the improved shoulder was necessary or was for one of the specific
purposes authorized by statute.  See, e.g., Tyler v. State, 161 S.W.3d
745, 750 (Tex. App.—Fort Worth 2005, no pet.) (finding probable cause to stop
appellant for driving on improved shoulder where record contained no evidence
that driving on shoulder was necessary under any of the statutory exceptions); Martinez
v. State, 29 S.W.3d 609, 611-12 (Tex. App.—Houston [1st Dist.] 2000, pet.
ref'd) (holding trial court could have found reasonable suspicion for stop
based on statutory violation for driving on shoulder where trooper testified
driver drifted partially onto shoulder with right tires before pulling back
into his lane of traffic); Neskorik v. State, 2006 Tex. App. LEXIS 2860,
No. 07-04-0578-CR, 2006 WL 908502, at *2 (Tex. App.—Amarillo Apr. 10, 2006, no
pet.) (holding reasonable suspicion supported stop where no
evidence suggested driving on shoulder was justified or necessary for any
of the listed statutory exceptions) (not designated for publication); Thorn
v. State, 2006 Tex. App. LEXIS 1668, No. 2-04-00567-CR, 2006 WL 496000, at
*2 (Tex. App.—Fort Worth Mar. 2, 2006, no pet.) (holding reasonable suspicion
was established by driving on shoulder where no evidence revealed a necessity
for doing so) (not designated for publication); State v. Wise, 2005 Tex.
App. LEXIS 10796, No. 04-04-00695-CR, 2005 WL 2952357, at *3 (Tex. App.—San
Antonio Oct. 26, 2005, no pet.) (reversing trial court’s determination that
reasonable suspicion was lacking where officer testified that appellant drove
on improved shoulder and no evidence was presented that it was necessary for
appellant to drive on improved shoulder or that her actions fell within one of
the permissible purposes) (not designated for publication).  

Although the officer testified that he
did not see Dietiker drive unsafely onto the shoulder of the road, the evidence
does not substantiate necessity or that one of the statutory exemptions
applied.  We find that without evidence of necessity or the statutory
exemptions, the State met its burden and was not required to negate necessity
or the statutory exemptions in order to establish reasonable suspicion.  See
generally Tex. Transp. Code Ann.
§ 542.301 (Vernon 1999) (setting forth general offense of the “Rules of the
Road” contained in subtitle C of the Transportation Code).  This is because
necessity, safety, and the statutory exemptions are more in the nature of
defenses rather than exceptions.  See Tex.
Pen. Code Ann. §§ 2.02, 2.03 (Vernon 2003).  Therefore, there was
reasonable suspicion for the officer to believe that a violation of Section
545.058(a) was transpiring.  We find that the trial court’s decision to grant
the motion to suppress based on lack of reasonable suspicion for the initial
stop was erroneous pursuant to Section 545.058(a) of the Transportation Code. 
We sustain issue one.  

 

Conclusion

             We find that the trial
court erroneously applied section 545.060 in determining whether reasonable
suspicion to justify a traffic stop existed, but that the trial court erred in
granting Dietiker’s motion to suppress pursuant to section 545.058(a).  We
reverse the decision of the trial court and remand this matter to the trial
court for further proceedings consistent with this opinion.

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief
Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Reversed and
Remanded

Opinion
delivered and filed January 12, 2011

Publish

[CR25]









[1] 
Dietiker was also charged at that time with the offense of Evading Arrest,
which is the subject of a separate appeal in this Court, No. 10-10-00278-CR.