

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00345-CR

**THE STATE OF TEXAS,**

**Appellant**

**v.**

**CHARLES JOSEPH MERAS,**

**Appellee**

From the County Court at Law No. 1
McLennan County, Texas
Trial Court No. 20173335CR1

## OPINION

Charles Joseph Meras was detained while driving and ultimately charged with possession of a controlled substance. The trial court granted Meras's motion to suppress. Because the trial court erred in concluding there was no reasonable suspicion to stop Meras for a violation of § 545.060(a) of the Texas Transportation Code, we reverse the trial court's Order Granting Defendant's Motion to Suppress and remand this case to the trial court for further proceedings.

A trial court's ruling on a motion to suppress is reviewed on appeal for abuse of discretion. *State v. Cortez*, 543 S.W.3d 198, 203 (Tex. Crim. App. 2018). The record is

viewed in the light most favorable to the trial court's determination, and a trial court's ruling should be reversed only if it is arbitrary, unreasonable, or outside the zone of reasonable disagreement. *Id*.; *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014). Further, a trial court's ruling will not be reversed based on a legal theory that the complaining party did not present to it. *Story*, 445 S.W.3d at 732; *Hailey v. State*, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002). Because the trial court is the sole trier of fact, we will give almost total deference to the trial court's determination of historical facts. *Story*, 445 S.W.3d at 732; *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). The trial court's application of the law to those facts, however, is reviewed de novo. *Id*. We will sustain the trial court's decision if we conclude that the decision is correct under any applicable theory of law. *Cortez*, 543 S.W.3d at 203.

After the hearing on Meras's motion to suppress, the trial court found that Meras failed to drive as nearly as practical entirely within a single lane. It further found that the "movements between the lanes was not done in an unsafe manner." Based on its findings, the trial court concluded that section 545.060(a) was not violated because Meras's movements were not unsafe, and thus also concluded the officer had no reasonable suspicion to stop Meras.

The State's sole issue on appeal is divided into three parts:

1. Must drivers drive in their own lane if possible;
2. If not, is that a reasonable view of the law; and
3. Does any opinion from this Court prohibit an officer from acting on that reasonable view?

The State contends, as it did in the trial below, that section 545.060(a) of the Texas Transportation Code creates two independent obligations—one to stay within a lane (a duty) and one to not change lanes unless it can be done safely (a prohibition). *See* TEX. TRANSP. CODE ANN. § 542.301(a) ("A person commits an offense if the person performs an act prohibited or fails to perform an act required by this subtitle."). Consequently, it argues, one can violate the statute by failing to stay within a lane, as it contends Meras did, regardless of whether anything unsafe occurs. The State relies solely on the Court of Criminal Appeals' plurality opinion in *Leming v. State*, 493 S.W.3d 552 (Tex. Crim. App. 2015).

"A 'plurality opinion' is that opinion in a fractured decision that was joined by the highest number of judges or justices." *Unkart v. State*, 400 S.W.3d 94, 100 (Tex. Crim. App. 2013). Generally, a plurality opinion has no binding precedential value, and we are not required to follow it. *Vasquez v. State*, 389 S.W.3d 361, 370 (Tex. Crim. App. 2012). However, although we are not required to follow *Leming*, we, nevertheless, agree with the plurality's decision in *Leming* and the reasoning to support that decision. Specifically, we agree that it is an independent offense to fail to remain entirely within a marked lane of traffic when it is otherwise practical to do so, regardless of whether the deviation from the marked lane is, under the particular circumstances, unsafe. *Leming v. State*, 493 S.W.3d 552, 559-60 (Tex. Crim. App. 2016). Thus, the answer to the State's first question

in its issue is, "yes," and the State's sole issue is sustained. We need not address the other questions.[1]

Accordingly, the trial court's conclusion that Meras's failure to drive as nearly as practical entirely within a single lane was not unsafe, and thus, there was no reasonable suspicion to stop Meras for a violation of the statue is not correct under any applicable theory of law. *See Cortez*, 543 S.W.3d at 203. The trial court's Order Granting Defendant's Motion to Suppress is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Neill
Reversed and remanded
Opinion delivered and filed January 8, 2020
Publish
[CR25]



---

[1] Our decision today does not impact nor is it governed by our opinion in *State v. Tarvin*, 972 S.W.2d 910 (Tex. App.—Waco 1998, pet. ref'd). In *Tarvin*, this Court found that (1) the trial court's determination that touching the right white line did not constitute weaving out of one's lane of traffic was supported by the record, and (2) weaving *in* one's lane did not provide reasonable suspicion of criminal activity. *Id*. at 912. Further, the *Tarvin* opinion did not construe Section 545.060 of the Transportation Code. Rather, it merely held that based on the evidence, that is, touching the white line, the defendant did not violate this statute.